# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Heidi Gilbert,

    Plaintiff,

vs.

Jean Lopez,

    Defendant.

Civil Case No.

## COMPLAINT AND JURY DEMAND

1. This is a civil action for injuries sustained by Plaintiff relating to sexual assault, abuse, molestation, and nonconsensual sexual touching and harassment by her coach, Defendant Jean Lopez.

### PARTIES, JURISDICTION and VENUE

2. Plaintiff Heidi Gilbert ("Heidi") is a citizen of California.

3. Heidi was born in 1982.

4. Defendant Jean Lopez is a citizen of Texas.

5. Jean was born in 1973.

6. The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs, taking into account the nature and extent of the injuries and damages sustained by Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by Plaintiff.

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

8. This Court has personal jurisdiction over the Defendant because the negligent acts occurred in Colorado.

9. Venue is appropriate in this District because negligent acts alleged herein occurred in this District.

## FACTS

10. Defendant Jean Lopez has been the United States Olympic Committee's ("USOC") Taekwondo coach at the USOC Training facility in Colorado Springs, Colorado and at competitions around the world.

11. At all times, Defendant owed duty of care to athletes under his supervision.

12. In 2002, Heidi Gilbert was a member of the USOC's Taekwondo team in the Pan American Championships in Ecuador.

13. Jean Lopez was the USOC's Taekwondo coach at the 2002 Pan American Championships.

14. After winning gold in the 2002 Pan-Am Games, Heidi was flexing in front of a mirror with Diana Lopez.

15. Diana Lopez is Jean and Steven Lopez's sister;[1] she also competed as a member of the USOC's Taekwondo team at the 2002 Pan-Am Games.

16. Jean Lopez entered the room where Heidi and Diana were flexing in front of the mirror to celebrate their performances in the Pan Am Games.

17. Diana left the room shortly after Jean entered.

---

[1] Like her brothers, Mark, Jean, and Steven, Diana has received compensation from the USOC and USA TKD.

18. Jean wrestled Heidi to the ground.

19. Heidi initially believed Jean was "wrestling" with her and wanted to show Jean how strong she was. Jean instead began "dry humping" Heidi on the hotel room floor. Jean ejaculated in his pants and existed the room.

20. In 2003, to further her Taekwondo career and to achieve her dream of being an Olympian, Heidi moved to Texas to train with Jean Lopez.

21. While in Texas, Heidi lived at a house owned by the Lopez brothers.

22. Heidi again was part of the United States Taekwondo national team.

23. Heidi competed on a USA Taekwondo team at a competition in Germany in 2003.[2]

24. After the 2003 competition in Germany, Jean, Heidi, Mandy, Peter Lopez,[3] and others attended a party in Germany.

25. At the party, Jean was sexually aggressive with Heidi by grabbing her, grinding his body into hers, and making inappropriate sexual comments to her.

26. At same point, Jean gave Heidi a drink.

27. After consuming the drink Jean gave her, Heidi almost passed out.

28. Heidi and Jean ended up in a taxi.

---

[2] Upon information and belief, this 2003 competition was not a competition protected by the Sports Act and thus the team that represented the United States was sent by USA Taekwondo and not the USOC.

[3] Peter Lopez is a Taekwondo coach and known rapist, but he is not related by blood or marriage to defendants Steven and Jean Lopez. Peter Lopez was banned from USA Taekwondo in 2014 for sexually assaulting various athletes; however, the USOC gave Peter Lopez credentials allowing him to enter the Olympic Village during the 2016 Rio Olympics. *See* https://www.usatoday.com/story/sports/olympics/2017/09/05/executive-director-out-usa-taekwondo-after-handling-misconduct-cases/634989001/; https://www.usatoday.com/story/sports/2017/08/17/olympics-usa-taekwondo-rio-did-not-notify-usoc-world-group-athlete-suspended-sexual-misconduct/577339001/.

29. In the backseat of the taxi, Jean began to touch Heidi's breasts and vagina.

30. When they reached the hotel, Jean took Heidi inside and began to slap her face and choke her.

31. Heidi was unable to respond physically.

32. Heidi remembers Jean pulling down her pants and digitally penetrating her vagina.

33. Heidi remembers Jean performing cunnilingus on her.

34. Heidi passed out and woke up on the floor of a common area of the hotel.

35. On the plane ride back to the United States, Jean told Heidi that he regretted marrying his wife and wanted to have children with Heidi.

36. After returning to Texas from Germany, Peter Lopez came into Heidi's room at the home owned by Jean and Steven Lopez where she was living in Texas.

37. Peter took his pants off and asked Heidi to fellate him.

38. Heidi immediately started to cry and told Peter that he and the other male athletes at the Lopez' training center in Sugarland were crazy and that she was leaving Texas.

39. Similar events between Jean Lopez and Heidi Gilbert took place in Colorado.

40. On April 3, 2018, the USOC's U.S. Center for SafeSport's Response & Resolution Office issued a decision finding "a decades long pattern of sexual misconduct by an older athlete/coach abusing his power to groom, manipulate, and ultimately, sexually abuse younger female athletes" and recommending Jean Lopez be permanently ineligible to participate in sport.[4]

---

[4] *See, e.g.*, Houston Chronicle, April 4, 2018, *Former U.S. Taekwondo coach Jean Lopez banned from Olympic sports in U.S.*, David Barron, available at
https://www.usatoday.com/story/sports/olympics/2018/04/17/olympic-champ-steve-lopez-still-

## CLAIM FOR RELIEF

## NEGLIGENCE (COUNT I)

41. Plaintiff realleges and incorporate by reference the allegations contained in the previous paragraphs.

42. As her coach, Defendant owed Plaintiff a duty to exercise reasonable care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with him.

43. As her coach, Defendant breached the duties owed to Plaintiff by sexually assaulting her.

44. Defendant's nonconsensual sexual touching and assaults and rape were so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

45. Defendant's conduct in sexually assaulting, abusing, and molesting Plaintiff in the course of his employment, agency, and/or representation of the USOC and under the guise of serving as her "coach" was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

46. Defendant demonstrated a willful disregard for precautions to ensure Plaintiff's safety.

47. Defendant demonstrated a willful disregard for substantial risks to Plaintiffs.

48. Defendant breached duties owed to Plaintiff and was negligent when he conducted himself by the actions described above, said acts having been committed with reckless disregard for Plaintiffs' health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

---

under-investigation-u-s-olympic-champion-sexual-misconduct-drags-int/525406002/ (last visited April 19, 2018).

49. As a direct and/or proximate result of Defendants' actions and/or inactions, Plaintiff has suffered injuries.

50. Heidi Gilbert requests a jury trial on this count to determine the extent of her damages. She requests, economic damages, non-economic damages, and physical impairment damages.

**WHEREFORE**, Plaintiff Heidi Gilbert requests that this Court and the finder of fact to enter a Judgment in her favor against Defendant Jean Lopez in an amount consistent with the proofs of trial, and seeks against Defendant all appropriate damages arising out of law, equity, and fact, including but not limited to:

a) Compensatory damages in an amount to be determined as fair and just under the circumstances, by the trier of fact including, but not limited to economic damages, non-economic damages, and physical impairment damages, medical expenses, loss of earnings, mental anguish, anxiety, humiliation, and embarrassment, and other damages to be proved;

b) Reasonable attorney fees, pre-judgment interest, pre-filing interest, and post-judgment interest. and costs including expert fees.

Dated: April 25, 2018                    **PARKER LIPMAN LLP**

/s/ Daniel A. Lipman
Daniel A. Lipman, #35046
2300 15th Street, Suite 200
Denver, CO 80202
dan@parkerlipman.com
*Attorney for the Plaintiff*