**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:18-CV-00981-CMA

Heidi Gilbert, Amber Means, Mandy Meloon,
Gabriela Joslin, and Jane Does 6-50, on behalf
of themselves and others similarly situated,

Plaintiffs,

v.

United States Olympic Committee, United States
Taekwondo Association, Steven Lopez, Jean
Lopez, and John Does 1-5,

Defendants.

---

**DEFENDANTS STEVEN LOPEZ AND JEAN LOPEZ'S MOTION TO**
**DISMISS**
**[FED. R. CIV. P. 12(b)(6)]**

---

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Steven Lopez and Jean Lopez, through

their undersigned counsel, respectfully move this Court to dismiss Plaintiffs' First Amended

Class Action Complaint for failure to state a claim upon which relief can be granted.

## I.       INTRODUCTION

Steven Lopez is a star Taekwondo athlete, having competed in the Olympic Games five

times – winning two gold medals and one bronze – and winning five world titles. His long-time

coach is his brother Jean Lopez, who has also been an Olympic team coach multiple times.  The

Lopez brothers have been highly respected for their success in Taekwondo throughout their

careers. Jean Lopez had his own Taekwondo training club -  Elite Taekwondo, in Sugar Land,

Texas, where athletes from all over the nation, including the named plaintiffs, would come to train with them.

    This lawsuit includes a broad range of ancient accusations against Jean Lopez and Steven Lopez, dating back as far as *1997*. Many of these ancient accusations are also repackaged in new and novel ways against the Lopez brothers as well as Defendants United States Olympic Committee ("USOC") and USA Taekwondo ("USAT"). However, none of these claims can withstand scrutiny; and for this reason (and as explained further below), defendants Steven Lopez and Jean Lopez (hereinafter collectively referred to as "defendants Lopez") file this Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## II.     LEGAL STANDARDS

    In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hark, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Circ. 2007) (emphasis in original).

    The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in Twombly, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." Robbins v. Okla. ex rel. Okla. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Circ.

2008). Thus, "if [allegations] are so general that they encompass a wide swatch of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248. Therefore, "a plaintiff must include enough facts to 'nudge[] [his] claims across the line from conceivable to plausible.'" Dennis v. Watco Cos., Inc., 631 F.3d 1303, 1305 (10th Circ. 2011) (quotation omitted). Conclusory allegations are not sufficient to survive a motion to dismiss. Gallagher v. Shelton, 587 F.3d 1063, 1068 (10th Cir. 2009).

With respect to a statute of limitations defense, it may be appropriately resolved on a 12(b) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished." Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir.1980).

**III.   PLAINTIFFS CLAIMS FOR FORCED LABOR IN VIOLATION OF 18 U.S.C. §§ 1589, 1595 AND 2255 [COUNTS 1, 11, 18- AND 25] MUST BE DISMISSED AS TO DEFENDANTS JEAN AND STEVEN LOPEZ**

Plaintiffs Mandy Meloon and Heidi Gilbert claim that Steven and Jean Lopez violated 18 U.S.C. §1589 by forcing the plaintiffs to perform forced sexual services for them. Plaintiffs Gaby Joslin and Amber Means make similar allegations against defendant Steven Lopez, but not against defendant Jean Lopez.

In order to succeed on a claim for forced labor in violation of 18 U.S.C. § 1589(a), a plaintiff must demonstrate that the defendants:

> "knowingly provide[d] or obtained the labor or services of a person by any one of, or by any combination of the following means:
>
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint."

18 U.S.C. § 1589(c) provides the following definitions:

> "(1) The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.
>
> (2) The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm."

A.     Plaintiffs' Civil Claims Under This Section Are Barred

Initially, Defendants note that 18 U.S.C. § 1595 did not come into effect until December 2003; and that it was amended in December 2008 to provide for a civil remedy. The statute cannot be applied retroactively to conduct that pre-dated the creation of a civil remedy in

December 2008[1]; and as such, these claims that involve conduct prior to December 2008 must be dismissed.

Both 18 U.S.C. §§ 1595(c) and 2255(b) provide that "any action commenced under this section shall be barred unless the complaint is filed-

"(1) Not later than 10 years after the date on which the plaintiff reasonably discovers the later of-

(A) The violation that forms the basis of the claim; or

(B) The injury that forms the basis of the claim; or

(2) Not later than 10 years after the date on which the victim reaches 18 years of age."

Prior to 2013, this statute of limitations was *6* years, and the amended statute of limitations should not be applied retroactively. See Landgraf, supra, 511 U.S. at 264, 280. Plaintiffs' claims under this section must be dismissed because it has been more than 6 years since the allegations allegedly took place (or alternatively, more than 10 years). See First Amended Class Action Complaint, par. 326-334, 356-357, 383-384, 389-391, 418-421. Additionally, it has been more than 10 years since plaintiffs have turned 18 (See First Amended Class Action Complaint, par. 60, 63, 66, 69).

Alternatively, this Court must dismiss those specific Counts that it finds – on a plain reading of the Complaint – are barred by the statute of limitations.

B.      Plaintiffs Fail To Demonstrate That They Were Forced To Provide Any Labor Or Services For Jean and Steven Lopez, Within the Meaning Of The Statute

---

[1] See Landgraf v. Usi Film Prods., 511 U.S. 244, 280 (1994); Ditullio v. Boehm, 662 F.3d 1091, 1102 (9th Cir. 2011)

To determine whether the plaintiffs were forced to provide labor or services, the court must first consider what constitutes "labor" and "services." The term labor or services, which is not defined by the statute, is viewed in accord with its ordinary meaning." U.S. v. Marcus, 628 F.3d 36, 44 (2nd Cir. 2010). "Webster's dictionary defines "labor" as the expenditure of physical or mental effort especially when fatiguing, difficult, or compulsory. "Service" is defined as "the performance of work commanded or paid for by another."" *Id*. at *footnote* 10.  See also, U.S. v. Kaufman, 546 F.3d 1242, 1261 (10th Cir., 2008), referencing Oxford English Dictionary and Random House Dictionary definitions of "labor" and "services."

In U.S. v. Marcus, supra, the plaintiff entered into a consensual relationship with the defendant, whom she had met online. Id. at 39. The defendant instructed the plaintiff to move to New York from Maryland (where she had already been living with the defendant) to work on and participate in a "BDSM" website with the defendant. Id. At a certain point, the relationship was no longer consensual, however the plaintiff chose to remain with the defendant and participate in "BDSM" activities out of fear. Id. at 40. The court convicted the defendant under § 1589, holding that the plaintiff's *work on the website*, and not her participation in sexual activities with the defendant (despite the relationship no longer being consensual), constituted "forced labor and services" under the statute. Id. at 43 (emphasis added).

In this case, the plaintiffs fail to state a claim that would fall under the "ordinary meaning" of the statute. The "labor and services" the plaintiffs arguably provided were their contributions to defendants USOC and/or USAT, and nothing in the complaint alleges that the plaintiffs felt forced or threatened to continue providing this labor or service. Rather, the plaintiffs voluntarily remained on the team.

6

In <u>U.S. v. Kaufman</u>, 534 F.3d at 1261, the Court noted the following with respect to 15 U.S.C. §1589:

> "As to the forced labor statute, § 1589, we note that Congress enacted it as part of the Trafficking Victims Protection Act of 2000, a subset of the Victims of Trafficking and Violence Protection Act of 2000, Pub.L. No. 106-386, 114 Stat. 1464 (2000). See United States v. Bradley, 390 F.3d 145, 150 (1st Cir.2004) (discussing § 1589). The stated purpose of the Trafficking Victims Protection Act is to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." 22 U.S.C. § 7101(a).
>
> The legislative history reveals that, in enacting § 1589, Congress sought to expand Kozminski's limited definition of coercion under § 1584, stating that "[s]ection 1589 will provide federal prosecutors with the tools to combat severe forms of worker exploitation that do not rise to the level of involuntary servitude as defined in Kozminski." See H.R. Conf. Rep. No. 106-939, at 101, as reprinted in 2000 U.S.C.C.A.N. 1380, 1393."

The Kaufmans had directed the severely mentally ill residents of the Kaufman House to perform sexually explicit acts and farm labor in the nude while, claiming that these acts constituted legitimate psychotherapy for the residents' mental illnesses; in that case, there was a dispute as to whether or not "labor or services" within the meaning of 15 U.S.C. §1589 was limited to "work in an economic sense," and the Court held that it was not.  However, in that case, the victims were still forced to perform "labor" or "services" on behalf of the Kaufmann's, in whose care their residence had been placed.  In contrast, plaintiffs in this case do not allege (nor could they) that they had been placed in the care of Jean or Steven Lopez; or that Jean or Steven Lopez were *responsible* for them.  Rather, plaintiffs allege that they were placed in the care of defendants USAT and/or USOC, who were actually responsible for (i) sending the teams to the competitions at issue, and (ii) arranging for the housing on such trips.  See, e.g., First Amended Class Action Complaint, par. 81, 83, 87, 289-290, 294, 299.

7

Even accepting the allegations of the First Amended Class Action Complaint as true, it alleges that Jean and Steven Lopez "obtained forced sexual services" in their capacity as agents of USOC and/or USAT. However, by repeatedly alleging the agency capacity, and by alleging that defendants USAT and USOC were responsible for any alleged "forced labor or services," Plaintiffs cannot then also argue that the same alleged "forced labor or services" were for the benefit of Jean and Steven Lopez. Stated in another way, if Plaintiffs allegation that Jean and Steven Lopez were acting for defendants USOC and/or USAT, then the alleged "forced labor or services" was for their benefit, not for the benefit of Jean and Steven Lopez.

For all of the foregoing reasons, these Counts against both Lopez brothers must be dismissed.

## IV.    PLAINTIFFS' CLAIMS FOR TRAFFICKING WITH RESPECT TO FORCED LABOR IN VIOLATION OF 18 U.S.C. §1590(A) [COUNTS 3, 13, 20 AND 27] MUST BE DISMISSED AS TO DEFENDANTS JEAN LOPEZ AND STEVEN LOPEZ

These claims are based on the same facts that form the basis for the Claims brought under Counts 1, 11, 18 and 25, discussed at Section III above.

### A.    Plaintiffs' Civil Claims Under This Section Are Barred

The same statute of limitations under 18 U.S.C. §§ 1595(c) and 2255(b) applies to these Counts as to the Counts discussed at Section III above. For the same reasons explained in Section III above, and incorporated herein by reference, these claims are barred by the statute of limitations.

Alternatively, this Court must dismiss those specific Counts that it finds – on a plain reading of the Complaint – are barred.

### B.    Plaintiffs Fail To Adequately Plead Trafficking Against Jean and Steven Lopez, Within the Meaning Of The Statute

To succeed on a claim of "trafficking with respect to forced labor in violation of 18 U.S.C. § 1590(a)," the plaintiff must successfully demonstrate that the defendant "knowingly recruit[ed], harbor[ed], transport[ed], provid[ed], or obtain[ed] by any means, any person for labor or services in violation of this chapter." *18 U.S.C. § 1590(a)*.

In <u>Roe v. Howard</u>, 2018 WL 284977, the defendant recruited a housekeeper to work for him with the promise of providing a job, medical treatment, and a visa. Upon recruiting the plaintiff, the defendant told the plaintiff that it was the plaintiff's job to "make [the defendant's husband] happy." <u>Id</u>. After the plaintiff was hired, she was subjected to sexual abuse by the defendant's husband. <u>Id</u>. A jury returned a verdict holding the defendant liable under §1590. <u>Id</u>.

In stark contrast, the plaintiffs in this case – even accepting the allegations in the First Amended Class Action Complaint - were not recruited to join USAT to provide any labor or services in the form of sexual favors for the defendant with the promise of payment or benefits. Rather, they were recruited to train, improve their skill sets, and compete in Taekwondo tournaments with the understanding they would receive housing, travel, and stipend expenses from USOC like the other athletes on the team who are not alleged to have had a sexual relationship with the defendant.

Furthermore, the First Amended Class Action Complaint pleads these counts in the most conclusory terms possible. It fails to plead how defendants Jean Lopez and/or Steven Lopez allegedly recruited, harbored, transported, provided, or obtained any of the named plaintiffs for labor or services. Plaintiffs' reliance on this sex trafficking statute is utterly misplaced.

For all of the foregoing reasons, these Counts against both Lopez brothers must be dismissed.

**V.    PLAINTIFFS CLAIMS FOR OBSTRUCTION, ATTEMPTED OBSTRUCTION, INTERFERENCE WITH ENFORCEMENT IN VIOLATION OF 18 U.S.C. §1590(B) AND 1591(D) [COUNTS 4, 14, 21, 24 AND 28] MUST BE DISMISSED AS TO DEFENDANTS STEVEN LOPEZ AND JEAN LOPEZ**

A.    Plaintiffs' Civil Claims Under This Section Are

The same statute of limitations under 18 U.S.C. §§ 1595(c) and 2255(b) applies to these Counts as to the Counts discussed at Section III above.  For the same reasons explained in Section III above, and incorporated herein by reference, these claims are barred.

Alternatively, this Court must dismiss those specific Counts that it finds – on a plain reading of the Complaint – are barred by the statute of limitations.

B.    Plaintiffs Fail To Adequately Plead Obstruction or Interference Against Jean and Steven Lopez, Within the Meaning Of The Statute

A violation under 18 U.S.C. § 1590(b) has occurred when a defendant "obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section." *18 U.S.C. § 1590(b)*.

Under this claim, plaintiffs have failed to state a specific claim against Steven and Jean Lopez, and instead only list specific ways defendants *USOC and USAT* allegedly obstructed or attempted to obstruct, interfered, or prevented the enforcement of this section. This is made absolutely clear in Counts 4 and 28, at par. 594 and 570 ["Defendants USOC and USA TKD obstructed, attempted to obstruct, interfered, and or prevented the enforcement of this section by …].  For counts 14, 21 and 24, Plaintiffs replace "Defendants USOC and USA TKD" with the more generic "defendants," but the allegations are identical.  Furthermore, a close examination of the sub-allegations (a) through (l) that are repeated in all four counts reveals that all of the allegations are directed *solely* at defendants USOC and USAT:  any other reading would strain

10

credulity.  The basic allegations here are directed *solely* at defendants who are alleged to have

obstructed or interfered with the investigations of complaints made against Jean Lopez and

Steven Lopez.

For all of the foregoing reasons, these Counts against both Lopez brothers must be

dismissed.

**VI.    PLAINTIFFS' CLAIMS FOR SEX TRAFFICKING OF CHILDREN, OR BY FORCE, FRAUD OR COERCION IN VIOLATION OF 18 U.S.C. 1591(A)(1) [COUNTS 5, 15 22 AND 29], MUST BE DISMISSED AS TO DEFENDANT JEAN AND STEVEN LOPEZ**

A.    Plaintiffs' Civil Claims Under This Section Are Barred

The same statute of limitations under 18 U.S.C. §§ 1595(c) and 2255(b) applies to these

Counts as to the Counts discussed at Section III above.  For the same reasons explained in

Section III above, and incorporated herein by reference, these claims are barred.

Alternatively, this Court must dismiss those specific Counts that it finds – on a plain

reading of the Complaint – are barred by the statute of limitations.

B.    Plaintiffs Fail To Adequately Plead Sex Trafficking Against Jean and Steven Lopez, Within the Meaning Of The Statute

The plaintiffs' claims must be dismissed because plaintiffs fail to adequately plead that

they engaged in a commercial sex act. A violation under 18 U.S.C. § 1591(a)(1) occurs when a

person "knowingly- in or affecting interstate or foreign commerce, or within the special maritime

and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides,

obtains, advertises, maintains, patronizes, or solicits by any means a person. *18 U.S.C.*

*1591(a)(1).*

Plaintiffs allege that Steven and Jean Lopez violated this section because they benefitted from plaintiffs engaging in a "commercial sex act" across state lines. However, under 18 U.S.C. § 1591(e)(3), the term "commercial sex act" means "any sex act on account of which anything of value is given to or received by any person." *18 U.S.C. § 1591(e)(3)*. In <u>Roe v. Howard</u>, 2018 WL 284977, the court concluded that a commercial sex act took place given that "the Howards paid Ms. Roe a monthly salary for her services and those services included being subjected to forced sex acts."  Here, the plaintiffs' traveling, housing, and stipends were all given to them because of their participation in taekwondo, not because of any alleged sexual favors. This is evidenced by the fact that the plaintiffs received these benefits *before* any of the alleged sexual interactions with the defendants ever occurred, as well as after the alleged sexual interactions. Furthermore, the plaintiffs do not allege (nor could they) that Jean or Steven Lopez paid them anything – all payments were given to the athletes through defendants USOC and/or USAT.

For all of the foregoing reasons, these Counts against both Lopez brothers must be dismissed.

## VII.  PLAINTIFF MANDY MELOON'S CLAIM FOR SEXUAL EXPLOITATION, TRANSPORTATION, AND ILLEGAL SEXUAL ACTIVITY [COUNT 8] MUST BE DISMISSED AS TO DEFENDANTS STEVEN LOPEZ AND JEAN LOPEZ

### A.      Plaintiffs' Civil Claims Under This Section Are Barred

The same statute of limitations under 18 U.S.C. §§ 1595(c) and 2255(b) applies to these Counts as to the Counts discussed at Section III above.  For the same reasons explained in Section III above, and incorporated herein by reference, these claims are barred. Alternatively, this Court must dismiss those specific Counts that it finds – on a plain reading of the Complaint – are barred by the statute of limitations.

**B.    Plaintiffs Fail To Adequately Plead Sexual Exploitation, Transportation or Illegal Activity Against Jean and Steven Lopez, Within the Meaning Of The Statute**

A person is guilty of violating 18 U.S.C. § 2241(c), sexual exploitation, transportation, and illegal sexual activity, when they "cross[] a State line with [the] intent to engage in a sexual act with a person who has not attained the age of 12 year" or "knowingly engage[] in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so." *18 U.S.C. § 2241(c).*

Plaintiff has not met her burden of adequately pleading that Jean or Steven Lopez had the requisite intent to engage in sexual activities with her by crossing state lines. In United States v. Harvey, 2007 WL 9697885, the government was able to demonstrate the defendant's intent to cross state lines to engage in a sexual act with a person under the age of 12 through evidence of repeated chat logs detailing the defendant's desire to engage in sexual acts, the purchase of plane tickets to the would-be victim's state, gifts, condoms, Viagra, and a camera the defendant stated he would bring to document the abuse.  In contrast, in this case, the plaintiff fails to adequately plead anything even remotely close to this threshold. Anytime Steven or Jean Lopez allegedly crossed state lines with the plaintiffs, it was because the parties traveled together for training or Taekwondo tournaments – something they did together before any of the alleged sexual abuse occurred. Furthermore, neither Steven nor Jean Lopez were in control over the destinations they traveled to.  Rather, they were required by defendants USOC and/or USAT to travel to where the competitions were being held, and their sole intention was to compete in tournaments. Because the plaintiffs have failed to adequately plead the necessary intent requirement, and further failed to plead that Jean and Steven travelled to these foreign countries for any purpose other than to

compete in Taekwondo tournaments, claims § 2421, § 2422, § 2423(a), and § 2423(b) must additionally be dismissed because they all contain an "intent" or "purpose" requirement.

Plaintiff's claim that defendant Steven Lopez violated 18 U.S.C. 2423(c) must be dismissed because plaintiff failed to adequately plead that Steven engaged in "illicit sexual conduct with another person" in a foreign country. The statute defines "illicit sexual conduct" in two ways: (1) "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States;" or (2) "any commercial sex act (as defined in section 1591) with a person under 18 years of age." *18 U.S.C. § 2423(f)*. Per the plaintiff's complaint, Mandy Meloon did not begin having an alleged sexual relationship with Steven until she was 18. This statute defines "illicit sexual conduct" in foreign commerce as requiring the person with whom the alleged sexual conduct occurred to be under 18. Furthermore, it requires the conduct to take place in a foreign country. Here, plaintiff was at least 18 and the alleged conduct occurred in Texas.

For all of the foregoing reasons, these Counts against both Lopez brothers must be dismissed.

## VIII.   PLAINTIFFS CLAIM FOR DEFAMATION [COUNT 37] MUST BE DISMISSED AS TO DEFENDANTS STEVEN AND JEAN LOPEZ

To succeed on a claim of defamation in Colorado, a plaintiff must prove the following elements: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages to the plaintiff caused by the publication."

14

Here, the sole basis of the alleged defamation is defendants' denial of the allegations *after they had already been made public*. If this constitutes defamation, then it will effectively allow plaintiffs to make any public allegations that they wish, and would make a simple denial actionable. There is no precedent for expanding defamation laws in this manner.

For all of the foregoing reasons, these Counts against both Lopez brothers must be dismissed

## IX.    CONCLUSION

For all the above reasons, defendants Jean Lopez and Steven Lopez respectfully requests that the instant Motion to Dismiss be granted.


Respectfully submitted this 31st day of July, 2018.


s/ Howard L. Jacobs
Law Offices of Howard L. Jacobs
31111 Agoura Rd., Suite 225
Westlake Village, California 91361
Telephone:  (805) 418-9892
Facsimile:  (805) 418-9899
Email: howard.jacobs@athleteslawyer.com

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 and the Court's Local Rules, the undersigned hereby certifies that on this day, July 31, 2018, a copy of the foregoing document entitled ***DEFENDANTS STEVEN LOPEZ AND JEAN LOPEZ'S MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)]*** was filed and served through the Court's electronic filing system (CM/ECF) upon all registered parties and their counsel.

s/ Howard L. Jacobs
Law Offices of Howard L. Jacobs
31111 Agoura Rd., Suite 225
Westlake Village, California 91361
Telephone:  (805) 418-9892
Facsimile:  (805) 418-9899
Email: howard.jacobs@athleteslawyer.com