**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 1: 18-cv-00981-CMA-MEH

(1) Heidi Gilbert,
(2) Amber Means,
(3) Mandy Meloon,
(4) Gabriela Joslin, and
(5) Kay Poe, and
(6) Jane Does 6-50,
on behalf of themselves and
all others similarly situated,

        Plaintiff(s),

vs.

(1) United States Olympic Committee,
(2) USA Taekwondo Inc.,
(3) U.S. Center for SafeSport
(4) Steven Lopez,
(5) Jean Lopez, and
(6) John Does 1-5,

        Defendant(s).

---

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO MOTIONS TO DISMISS**

---

1. At the hearing on January 23, 2019, Counsel for Defendant SafeSport stated during oral argument on the Motion to Dismiss that Defendant SafeSport could not have committed any act or omission before March, 2017. Counsel for SafeSport argued that SafeSport did not exist until March, 2017 and "opened its doors to receive complaints," only as of March, 2017. 1/23/19 *Transcript*, p. 133, lines 9-15. Counsel for Defendant SafeSport argued:

```
 9              MR. CONNELLY:  That's when SafeSport opened its
10   doors to receive complaints.  Before that SafeSport could not
11   have banned or investigated or done anything for anybody.  So
12   this idea that March 2015 -- I hope there is a concession on
13   that because that's out of line.  March 2017 is the first
14   time in their own complaint that SafeSport could have done
15   anything.
```

*Id.*

    2.  However, Defendant USOC recently produced a privilege log that contradicts Defendant SafeSport's contention that it did not exist until March, 2017.  Defendant USOC's most recent privilege log was produced on February 6, 2019, *after* the Motion to Dismiss hearing took place on January 23rd. That privilege log lists numerous emails to and from SafeSport.org email addresses throughout 2016. The privilege log identifies emails between Defendant SafeSport and Defendant USOC almost a year before Defendant SafeSport claims to have been in existence.

    3.  For example, the USOC privilege log contains entries from both April and May of 2016 between people at USOC and malia.arrington@safesport.org:

| | | | | | | |
|---|---|---|---|---|---|---|
| 373 | | | Malia Arrington - 4/12/2016 malia.arrington@safesport.org | Chris McCleary - chris.mccleary@usoc.org | M. Christopher Hall - chall@bonnebridges.com; Richard Young - | Attorney Client privilege;Work Product |
| 374 | | | 4/12/2016 | | | Attorney Client privilege;Work Product |
| 375 | | | Malia Arrington - 5/11/2016 malia.arrington@safesport.org | Tracy Garcia - tracy.garcia@bryancave.c | | Attorney Client privilege |

    4.  Plaintiff files this supplement to make the Court aware of this new evidence contradicting Defendant SafeSport's oral argument. The privilege log shows not only

that Defendant SafeSport was in existence as of at least April 2016, but it also was, apparently, having several privileged communications with Defendant USOC.

5.   Plaintiffs allege in paragraph 282 of the Second Amended Complaint, by quoting Scott Blackmon, the former head of the USOC, that Defendant SafeSport was created in 2015, and the board of Defendant SafeSport "first got up and running in January of 2016." Accordingly, Plaintiff alleges that Defendant SafeSport was in existence and already had its first board meeting during a critical obstruction phase of this case. So not to rehash arguments that have already been made in the briefs, suffice it to say, Plaintiffs allege that SafeSport was, among other things, operating and involved in illegal obstruction in 2016. These contentions are supported by the new privilege log.

6.   The privilege log confirms why the Motion to Dismiss should be denied and the Court should be wary of relying on representations about the facts at the 12(b)(6) stage. The better course is to follow the Rule 12(b)(6) standards imposed by the Tenth Circuit and take the facts alleged as true and in-the-light most favorable to Plaintiffs. If the facts turn out to favor Defendant SafeSport, the time for dismissal is at summary judgment or at trial.

WHEREFORE, Plaintiffs respectfully request that Defendant SafeSport's Motion to Dismiss be denied.

Dated: <u>February 12, 2019</u>     **PARKER LIPMAN LLP**

*/s/ Daniel A. Lipman*
Daniel A. Lipman, #35046
3200 Cherry Creek South Drive
Suite 520
Denver, Colorado 80209
dan@parkerlipman.com
*Attorney for the Plaintiff*

3

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing document was filed and served, via the CM/ECF system, on February 12, 2019 properly addressed to the following:

Rex A. Sharp
Ryan C. Hudson
Larkin E. Walsh
Rex Sharp P.A.
5301 W 75th Street
Prairie Village, KS 66208
913-901-0505
913-901-0419 (fax)
rsharp@midwestlaw.com
rhudson@midwestlaw.com
lwalsh@midwestlaw.com
*Attorneys for Plaintiffs*

Jonathan Little
Saeed and Little, LLP
1433 N. Meridian St.
Indianapolis, IN 46202
317-721-9214
jon@sllawfirm.com
*Attorney for Plaintiffs*

David M. Jolley
David S. Denuyl
Covington & Burling LLP
One Front Street, 35th Floor
San Francisco, CA 94111
(415) 591-6000
djolley@cov.com
ddenuyl@cov.com
*Attorneys for Defendant United States Olympic Committee*

Stephen Estey
Estey & Bomberger LLP
2869 India Street
San Diego, CA 92103
619-295-0035
619-295-0172 (fax)
steve@estey-bomberger.com
*Attorney for Plaintiffs*

John P. Craver
Joseph W. Mark
White & Steele, P.C.
600 17th Street,
Dominion Towers, Ste. 600N
Denver, CO
(303) 296-2828
jcraver@wsteele.com
jmark@wsteele.com
*Attorneys for Defendant United States Olympic Committee*

Thomas Baker Quinn
Lillian L. Alves
Nathan Andrew Huey
Jacqueline R. Guesno
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Ste. 3400
Denver, CO 80202
(303) 534-5154
tquinn@grsm.com
jguesno@gsrm.com
nhuey@grsm.com
lalves@grsm.com
*Attorneys for Defendant USA Taekwondo, Inc.*

Mitchell A. Kamin
Carolyn J. Kubota

Kathleen Pritchard
Mike Kotlarczyk
Davis Graham & Stubbs, LLP
1550 17th Street, Ste. 500
Denver, CO 80202
303-892-9400
Kathleen.pritchard@dgslaw.com
Mike.kotlarczyk@dgslaw.com
*Attorneys for Defendant US Center for SafeSport*

Robert Allard
Lauren Cerri
John Bosckovich
Corsiglia, McMahon & Allard
96 North Third Street, Suite 620
San Jose, CA 95112
(408) 289-1417
rallard@cmalaw.net
lcerri@cmalaw.net
*Attorneys for Plaintiffs*

Howard L. Jacobs
Lindsay S. Brandon
Law Offices of Howard L. Jacobs
31111 Agoura Rd, Ste. 225
Westlake Village, CA 91361
(805) 418-9892
howard.jacobs@athleteslawyer.com
*Attorneys for Defendants Steven Lopez and Jean Lopez*

Sean Connelly
Connelly Law, LLC

4

Kathleen Alt
Josh A. Marks
Berg Hill Greenleaf Ruscitti, LLC
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
kta@bhgrlaw.com
jam@bhgrlaw.com
*Attorneys for Defendants Steven Lopez and Jean Lopez*

Lindsey C. Barnhart
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, Ste. 1000
Palo Alto, CA 94306
(650) 632-4700
lbarnhart@cov.com
*Attorneys for Defendant United States Olympic Committee*

Michael D. Fields
Covington & Burling LLP
1999 Avenue of the Stars, Ste. 3500
Los Angeles, CA 90067-4643
(424) 332-4800
mkamin@cov.com
ckubota@cov.com
mfields@cov.com
*Attorneys for Defendant United States Olympic Committee*

3200 Cherry Creek So. Drive, Suite 720
Denver, CO 80209
(303) 302-7849
sean@sconnellylaw.com
*Attorneys for Defendant US Center for SafeSport*

*(A duly signed original is available at the office of PARKER LIPMAN LLP)*

By:   */s/ Amy Arguello*

5