## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. 1: 18-cv-00981-CMA-MEH

HEIDI GILBERT,
AMBER MEANS,
MANDY MELOON,
GABRIELA JOSLIN,
KAY POE, and
JANE DOES 6-50,

      Plaintiff(s),

v.

UNITED STATES OLYMPIC COMMITTEE,
USA TAEKWONDO INC.,
U.S. CENTER FOR SAFESPORT,
STEVEN LOPEZ,
JEAN LOPEZ, and
JOHN DOES 1-5,

      Defendant(s).

---

### DEFENDANT UNITED STATES OLYMPIC COMMITTEE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS

---

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant United States Olympic Committee (the "USOC") objects and responds to Plaintiffs' First Set of Requests for Admission ("Requests") as follows:

### GENERAL OBJECTIONS TO ALL REQUESTS

1.     The USOC objects to the Requests on the grounds and to the extent that they seek information that is subject to (i) the attorney-client privilege, (ii) the attorney work-product immunity doctrine, or (iii) any other applicable privilege or immunity. The

**EXHIBIT 1**

USOC hereby asserts such privileges and immunities to the extent that they are implicated by each Request and excludes privileged and protected information from their responses. Any disclosure of such information is inadvertent and is not intended to waive those privileges and immunities. The USOC reserves any and all rights and privileges under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, and any other applicable law or rule, and the failure to assert such rights and privileges or the inadvertent disclosure by the USOC of information protected by such rights or privileges shall not constitute a waiver thereof, either with respect to these responses or with respect to any future discovery responses or objections.

2.      The USOC objects to the Requests to the extent that they purport to impose burdens and obligations on the USOC beyond the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable law or rule.

3.      The USOC objects to the Requests on the grounds and to the extent that they call for a legal conclusion or require the USOC to perform a legal analysis or reach a legal conclusion.

4.      The USOC objects to the Requests on the grounds and to the extent that assume facts and contain factual misrepresentations.

5.      The USOC objects to the Requests on the grounds and to the extent that they are vague, overbroad, compound, or seek information that is not relevant to any party's claims or defenses or that is not proportional to the needs of the case. By

making these responses, the USOC does not concede that the information sought is relevant.

6.      The USOC objects to the Requests on the grounds that they are not relevant to any party's claims or defenses nor proportional to the needs of the case in light of Judge Hegarty's Report and Recommendation on the USOC's Motion to Dismiss and Motion to Strike, which recommended dismissing all of the claims alleged against the USOC in the Second Amended Complaint except counts 9 and 19-21 and striking Plaintiffs' damages class allegations. (D.E. 218.) The Requests seek information regarding issues and individuals beyond the scope of the case, as narrowed in Judge Hegarty's Report and Recommendation. By making these responses, the USOC does not concede that the information sought is relevant to any of the remaining claims.

7.      The USOC's responses to the Requests are based on information presently available to and located by the USOC and its attorneys. The USOC objects to the Requests to the extent that they seek admissions based on information not known by the USOC nor readily obtainable by reasonable inquiry.

8.      The USOC objects to the Requests as premature and improperly seeking admissions regarding the USOC's obligations in fact discovery, which is ongoing. The USOC has complied with its obligations under the Federal Rules of Civil Procedure, the Protective Order entered in this case (D.E. 167), and the ESI Order entered in this case (D.E. 121). For example, as required by the ESI Order, in October and November of 2018 the USOC disclosed to Plaintiffs the details of its search methodology—including the search terms and custodians it used to identify potentially relevant ESI. Plaintiffs did

not object by the deadline established in the ESI Order, and later confirmed their agreement with the USOC's search methodology. In February 2019—after these Requests were served—the parties began negotiating a second set of ESI search terms and custodians. Those negotiations are ongoing. To the extent these Requests seek admissions that the USOC's search for and review of documents is incomplete or insufficient, they are inconsistent with the parties' ongoing discovery negotiations and the ESI Order. As discovery is ongoing, the USOC's responses are made without prejudice to its right to supplement or amend its responses, to produce additional documents and rely on them at trial, and to present evidence discovered hereafter at trial.

9.      The USOC objects to the Requests to the extent they seek production by the USOC of information or documents that have already been produced in this litigation by other parties. As discussed during the parties' February 22, 2019 in-person meet and confer with Special Master Grossman, such Requests are overbroad and unduly burdensome.

10.      The USOC objects to the Requests to the extent that they seek information that can be more efficiently ascertained or derived from publicly available sources or other sources available to Plaintiffs.

11.      Any response by the USOC to a particular Request, other than an unqualified admission, is not intended, and shall not be construed, as an admission of the existence of any fact, assertion, or other matter expressed or implied in the Request. Unless expressly admitted, the USOC denies each and every Request.

12.     Each of the USOC's responses is based on the USOC's understanding of each individual Request herein. To the extent Plaintiffs may assert an interpretation of any Request that is inconsistent with the USOC's understanding, the USOC reserves the right to amend or supplement its responses.

13.     The USOC's responses are made without waiving or intending to waive (a) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action; (b) the right to object to a demand for further responses to this or any other discovery involving or related to the subject matter of the requests; and (c) the right at any time to revise, correct, add to, or clarify any or all of the objections.

14.     The USOC objects to the Requests to the extent they require the USOC to review or provide responses or information outside of the USOC's possession, custody, or control.

15.     Each of the foregoing General Objections is incorporated by reference in the USOC's objections to each specific Request below. By responding to a particular Request, the USOC does not waive any of its applicable general objections.

## RESPONSES TO REQUESTS FOR ADMISSION

**RFA No. 1.**

Admit that "Exhibit 'A'" with documents bates labeled 00001 to 00412 (attached hereto as **Exhibit 1**) was produced by USOC on March 25, 2016 in the case *Kendra Gatt, Brianna Bordon and Yazmin Brown v. USA Taekwondo, et al.*, (the "*Gitelman* case"), Case No. BC599321, Superior Court of California, County of Los Angeles, Central District, by Margaret M. Holm, counsel for USOC, in response to Plaintiff Yazmin Brown's Request for Production of Documents, Set 1, Requests Nos. 4 and 6.  (For your reference attached hereto as **Exhibit 2** is USOC's Response to Plaintiff Yazmin Brown's Request for Production of Documents, Set 1.)

**Response to RFA No. 1.**

The USOC admits that it produced copies of the documents attached to Plaintiffs' Requests as Exhibit 1, which bear the bates range 00001 to 00412 and are labeled "EXHIBIT 'A'" through "EXHIBIT 'H,'" on March 25, 2016 in the *Gitelman* case as attachments to its responses to Plaintiff Yazmin Brown's Request for Production of Documents, Set 1. The USOC further admits that the portion of Exhibit 1 to Plaintiffs' Requests that is labeled "EXHIBIT 'A'" contains documents with the bates range 00001 to 00095. The USOC otherwise denies this request.

**RFA No. 2.**

Admit that the documents attached hereto as **Exhibit 1** were not marked confidential when they were produced by USOC in the *Gitelman* case.

**Response to RFA No. 2.**

The USOC admits that the documents attached to Plaintiffs' Requests as Exhibit 1 did not bear confidentiality markings on the face of the documents when they were produced by the USOC in the *Gitelman* case. The USOC otherwise denies this request.

**RFA No. 3.**

Admit that "Exh A'" with documents bates labeled 413 to 618 (attached hereto as **Exhibit 3**) was produced by USOC on May 17, 2016 in the case *Kendra Gatt, Brianna Bordon and Yazmin Brown v. USA Taekwondo, et al.*, (the "*Gitelman* case"), Case No. BC599321, Superior Court of California, County of Los Angeles, Central District, by Margaret M. Holm, counsel for USOC, in response to Plaintiff Yazmin Brown's Request for Production of Documents, Set 2, Request No. 17.  (For your reference attached hereto as **Exhibit 4** is USOC's Response to Plaintiff Yazmin Brown's Request for Production of Documents, Set 2.)

**Response to RFA No. 3.**

The USOC admits that it produced copies of the documents attached to Plaintiffs' Requests as Exhibit 3, which bear the bates range 413 to 618 and are labeled "Exh A,"

on May 17, 2016, in the *Gitelman* case as attachments to its responses to Plaintiff

Yazmin Brown's Request for Production of Documents, Set 2. The USOC otherwise

denies this request.

### RFA No. 4.

Admit that the documents attached hereto as **Exhibit 3** were not marked confidential
when they were produced by USOC in the *Gitelman* case.

### Response to RFA No. 4.

The USOC admits that the documents attached to Plaintiffs' Requests as Exhibit

3 did not bear confidentiality markings on the face of the documents when they were

produced by the USOC in the *Gitelman* case. The USOC otherwise denies this request.

### RFA No. 5.

Admit that the document bates labeled 496 (attached hereto as **Exhibit 5**), which is the
subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of
Gary Johansen (Johansen deposition exhibit no. 17) in the *Gitelman* case.

### Response to RFA No. 5.

The USOC admits that a copy of the document attached to Plaintiffs' Requests

as Exhibit 5 bears the bates number 496 and was marked as deposition exhibit number

17 in the deposition of Gary Johansen in the *Gitelman* case. The USOC otherwise

denies this request.

### RFA No. 6.

Admit that the document attached hereto as **Exhibit 5** has not been produced by USOC
in this matter.

### Response to RFA No. 6.

The USOC admits that it has not produced in this litigation a copy of the

document attached to Plaintiffs' Requests as Exhibit 5, which bears an exhibit tag from

the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that

Plaintiffs have produced in this litigation a document that is identical to Exhibit 5 to

Plaintiffs' Requests except that it does not bear a deposition exhibit tag. The USOC

otherwise denies this request.

**RFA No. 7.**

Admit that the document bates labeled 413 to 414 (attached hereto as **Exhibit 6**), which is the subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of Gary Johansen (Johansen deposition exhibit no. 21) in the *Gitelman* case.

**Response to RFA No. 7.**

The USOC admits that the document attached to Plaintiffs' Requests as Exhibit 6

bears the bates range 413 to 414 and was marked as deposition exhibit number 21 in

the deposition of Gary Johansen in the *Gitelman* case. The USOC otherwise denies this

request.

**RFA No. 8.**

Admit that the document attached hereto as **Exhibit 6** has not been produced by USOC in this matter.

**Response to RFA No. 8.**

The USOC admits that it has not produced in this litigation a copy of the

document attached to Plaintiffs' Requests as Exhibit 6, which bears an exhibit tag from

the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that the

USOC has produced in this litigation a document that is substantively identical to Exhibit

6 to Plaintiffs' Requests, bearing the bates range USOC-GIL-00012771–72. The USOC

further states that Plaintiffs have produced in this litigation a document that is identical

to Exhibit 6 to Plaintiffs' Requests except that it does not bear a deposition exhibit tag.

The USOC otherwise denies this request.

**RFA No. 9.**

Admit that the document bates labeled 416 to 419 (attached hereto as **Exhibit 7**), which is the subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of Gary Johansen (Johansen deposition exhibit no. 22) in the *Gitelman* case.

**Response to RFA No. 9.**

The USOC admits that the document attached to Plaintiffs' Requests as Exhibit 7

bears the bates range 416 to 419 and was marked as deposition exhibit number 22 in

the deposition of Gary Johansen in the *Gitelman* case. The USOC otherwise denies this

request.

**RFA No. 10.**

Admit that the document attached hereto as **Exhibit 7** has not been produced by USOC in this matter.

**Response to RFA No. 10.**

The USOC admits that it has not produced in this litigation a copy of the

document attached to Plaintiffs' Requests as Exhibit 7, which bears an exhibit tag from

the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that

Plaintiffs have produced in this litigation a document that is identical to Exhibit 7 to

Plaintiffs' Requests except that it does not bear a deposition exhibit tag. The USOC

otherwise denies this request.

**RFA No. 11.**

Admit that the document bates labeled 443 (attached hereto as **Exhibit 8**), which is the subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of Gary Johansen (Johansen deposition exhibit no. 22A) in the *Gitelman* case.

**Response to RFA No. 11.**

The USOC admits that the document attached to Plaintiffs' Requests as Exhibit 8

bears the bates number 443 and was marked as deposition exhibit number 22A in the

deposition of Gary Johansen in the *Gitelman* case. The USOC otherwise denies this

request.

**RFA No. 12.**

Admit that the document attached hereto as **Exhibit 8** has not been produced by USOC
in this matter.

**Response to RFA No. 12.**

The USOC admits that it has not produced in this litigation a copy of the

document attached to Plaintiffs' Requests as Exhibit 8, which bears an exhibit tag from

the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that the

USOC has produced in this litigation a document that is substantively identical to Exhibit

8 to Plaintiffs' Requests, bearing the bates number USOC-GIL-00012770. The USOC

further states that Plaintiffs have produced in this litigation a document that is identical

to Exhibit 8 to these RFAs except that it does not bear a deposition exhibit tag. The

USOC otherwise denies this request.

**RFA No. 13.**

Admit that the document bates labeled 445 (attached hereto as **Exhibit 9**), which is the
subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of
Gary Johansen (Johansen deposition exhibit no. 23) in the *Gitelman* case.

**Response to RFA No. 13.**

The USOC admits that the document attached to Plaintiffs' Requests as Exhibit 9

bears the bates number 445 and was marked as deposition exhibit number 23 in the

deposition of Gary Johansen in the *Gitelman* case. The USOC otherwise denies this

request.

**RFA No. 14.**

Admit that the document attached hereto as **Exhibit 9** has not been produced by USOC in this matter.

**Response to RFA No. 14.**

The USOC admits that it has not produced in this litigation a copy of the document attached to Plaintiffs' Requests as Exhibit 9, which bears an exhibit tag from the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that Plaintiffs have produced in this litigation a document that is identical to Exhibit 9 to Plaintiffs' Requests except that it does not bear a deposition exhibit tag. The USOC otherwise denies this request.

**RFA No. 15.**

Admit that the document bates labeled 507 to 508 (attached hereto as **Exhibit 10**), which is the subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of Gary Johansen (Johansen deposition exhibit no. 24) in the *Gitelman* case.

**Response to RFA No. 15.**

The USOC admits that the document attached to Plaintiffs' Requests as Exhibit 10 bears the bates range 507 to 508 and was marked as deposition exhibit number 24 in the deposition of Gary Johansen in the *Gitelman* case. The USOC otherwise denies this request.

**RFA No. 16.**

Admit that the document attached hereto as **Exhibit 10** has not been produced by USOC in this matter.

**Response to RFA No. 16.**

The USOC admits that it has not produced in this litigation a copy of the document attached to Plaintiffs' Requests as Exhibit 10, which bears an exhibit tag from

the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that

Plaintiffs have produced in this litigation a document that is identical to Exhibit 10 to

Plaintiffs' Requests except that it does not bear a deposition exhibit tag. The USOC

otherwise denies this request.

**RFA No. 17.**

Admit that the document attached hereto as **Exhibit 11** was marked and used as a deposition exhibit in the deposition of Gary Johansen (Johansen deposition exhibit no. 29) in the *Gitelman* case.

**Response to RFA No. 17.**

The USOC admits that the document attached to Plaintiffs' Requests as Exhibit

11 was marked as deposition exhibit number 29 in the deposition of Gary Johansen in

the *Gitelman* case. The USOC otherwise denies this request.

**RFA No. 18.**

Admit that the document attached hereto as **Exhibit 11** has not been produced by USOC in this matter.

**Response to RFA No. 18.**

The USOC admits that it has not produced in this litigation a copy of the

document attached to Plaintiffs' Requests as Exhibit 11, which bears an exhibit tag from

the deposition of Gary Johansen in the *Gitelman* case. The USOC further states that the

USOC has produced in this litigation a document that contains the email in Exhibit 11 to

Plaintiffs' Requests as part of a larger email chain, bearing the bates range USOC-GIL-

00012840–44. The USOC further states that Plaintiffs have produced in this litigation a

document that is substantively identical to Exhibit 11 to Plaintiffs' Requests except that it

does not bear a deposition exhibit tag. The USOC otherwise denies this request.

Date:  March 11, 2019

*/s/ David S. Denuyl*
Carolyn J. Kubota
Mitchell A. Kamin
Michael Fields
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4800
ckubota@cov.com; mkamin@cov.com;
mfields@cov.com

David M. Jolley
David S. Denuyl
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-591-6000
djolley@cov.com; ddenuyl@cov.com

Lindsey Barnhart
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, Suite 1000
Palo Alto, CA 94306
Telephone: 650-632-4700
lbarnhart@cov.com

John P. Craver
Joseph W. Mark
WHITE & STEELE, P.C.
600 17th Street, Suite 600N
Denver, CO 80202
Telephone: 303-296-2828
jCraver@wsteele.com;
jmark@wsteele.com

*Attorneys for Defendant United States Olympic Committee*

**CERTIFICATE OF SERVICE**

I hereby certified that a true and correct copy of the foregoing document was

transmitted via e-mail on March 11, 2019 to all attorneys of record.

*/s/ David S. Denuyl*
David S. Denuyl