**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-00981-CMA-MEH

HEIDI GILBERT,
AMBER MEANS,
MANDY MELOON,
GABRIELA JOSLIN,
KAY POE, and
JANE DOES 6-50,

    Plaintiffs,

v.

UNITED STATES OLYMPIC COMMITTEE,
USA TAEKWONDO, INC.
U.S. CENTER FOR SAFESPORT,
STEVEN LOPEZ,
JEAN LOPEZ, and
JOHN DOES 1-5,

    Defendants.

_____

**MASTER'S REVISED OPINION AND ORDER RESOLVING DISCOVERY DISPUTE**
_____

**ENTERED BY MASTER MAURA R. GROSSMAN ON MAY 30, 2019**

    The present dispute concerns the propriety of Defendant United States Olympic Committee's Objections and Responses to Plaintiffs' First Set of Requests for Admissions ("USOC's Objections and Responses"). Specifically, Plaintiffs object to (i) USOC's use of five pages of "General Objections to All Requests" in their Objections and Responses, and (ii) USOC's use of certain boilerplate language (*i.e.*, "The USOC otherwise denies this request") in its Response to 18 out of 18 of Plaintiffs' Requests for Admissions ("RFAs"). While not specifically styled as a motion to compel, Plaintiffs seek a ruling from the Master (i) that USOC's Responses and Objections are improper, and therefore striking the general objections and boilerplate language, and (ii) awarding sanctions (in the form of costs for the Master's time in resolving this dispute, or another appropriate remedy) for what Plaintiffs' view as USOC's bad-faith Responses and Objections and repeated discovery misconduct.

    The Master has considered USOC's Objections and Responses, the brief written submissions of the parties, the arguments made by the parties during a May 17, 2019 call with the Master, the Federal

Rules of Civil Procedure and accompanying Advisory Committee Notes, applicable case law, as well as Plaintiffs' Request for Modification to the Special Master's Opinion and Order Resolving Discovery Dispute [Doc. 247] (Dkt. No. 248). The Master finds and rules as follows.

I. <u>General Objections</u>

Federal Rule of Civil Procedure 34(b)(2)(B) was amended in December 2015 to require that responses and objections to requests for production "must state with specificity the grounds for objecting to the request, including the reasons." The Advisory Committee Notes accompanying the 2015 amendments state that "[t]his provision adopts the language of Rule 33(b)(4), eliminating any doubt that less specific objections might be suitable under Rule 34." The Notes go on to explain that the rule change was intended to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."

Case law since the 2015 amendments makes it abundantly clear that general objections are impermissible because they "leave[] the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether documents or answers provided are complete, or whether responsive documents are being withheld." *Liguria Foods, Inc.* v. *Griffith Labs., Inc.*, 2017 WL 976626, at *11 (N.D. Iowa Mar. 13, 2017) ("Indeed, the idea that such general or 'boilerplate' objections preserve any objections is an 'urban legend.'"). *See also, e.g.*, *Sagness* v. *Duplechin*, 2017 WL 1183988, at *2, *3 (D. Neb. Mar. 29, 2017) ("General blanket objections do not meet the[] specificity requirements and will be disregarded by this court."; "[B]oilerplate and general objections are simply not appropriate. . . ."); *Fischer* v. *Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[I]ncorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection. General objections should rarely be used after December 1, 2015 unless each such objection applies to each document request. . . ."); *Waldrop* v. *Discover Bank (In re Waldrop)*, 560 B.R. 806, 810 (Bankr. W.D. Okla. 2016) ("Before discussing in greater detail several of the general objections raised in Answers to specific Interrogatories, the Court notes that [Defendant's] general objections, without more, fail to satisfy the burden placed on him by Federal Rules of Bankruptcy Procedure to justify his objections."); *In Re Adkins Supply, Inc.*, 555 B.R. 579, 587-88 (Bankr. N.D. Tex. 2017) ("General objections clearly fail the specificity requirement. The Fifth Circuit requires that any party resisting discovery must, for each request, *specifically* support each individual objection. . . . 'Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. . . .' Federal courts are quick to express their disdain for such tactics by waiving all general objections." (emphasis in original; internal citations omitted)); *Cafaro* v. *Zois*, 2017 WL 903307, at *2 (S.D. Fla. Mar. 9, 2016) ("Here [the Non-Party's] response to the Subpoena contains almost three pages of 'General Objections'. . . . These General Objections are inappropriate.").

General objections were also in disfavor prior to the 2015 rules amendments, *see, e.g.*, *Heller* v. *City of Dallas*, 303 F.R.D. 466, 483, 484 (N.D. Tex. 2014) ("Plaintiffs assert that these general, generic

objections violate the Federal Rules and are invalid.  The Court agrees."; "The 'prohibition against general [or blanket] objections to discovery requests has been long established'"; "'General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court.  In the face of such objections, it is impossible to know whether information has been withheld and, if so, why.  This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the applications of each objection to the particular request.'"; "Counsel should cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests.  Deploying these general objections in this manner is, for the reasons explained above, inconsistent with the Federal Rules and is not warranted by existing law.") (internal citations omitted)).

The same requirement of specificity applies to objections to interrogatories governed by Fed. R. Civ. P. 33(b)(4), which states that "[t]he grounds for objecting to an interrogatory must be stated with specificity."  Much of the case law cited above addresses general objections both with respect to requests for production and with respect to interrogatories.

Neither the parties nor the Master have been able to find any case law specifically addressing the permissibility of general objections to RFAs.  While the language of Rule 36(a)(5) states only that "[t]he grounds for objecting to a request must be stated," the Master can see no principled reason why the rationale underlying the impermissibility of general objections to requests for production and to interrogatories would not apply with equal force to RFAs, despite the difference in language in the rules.  When the above quoted language in Federal Rule 36(a)(5) is combined with the requirements in Federal Rule 36(a)(4), that "[i]f a matter is not admitted the answer must *specifically* deny it or state *in detail* why the answering party cannot truthfully admit or deny it," and that "[a] denial must *fairly respond to the substance of the matter*," (emphases added) it is reasonable to infer that the intent of the rule was likewise to require specificity in responses to RFAs.  It would make no sense for the rules to insist on clarity and to prohibit gamesmanship when it came to requests for production and interrogatories, but not when it came to RFAs.

In USOC's Objections and Responses they list 14 general objections that they incorporate by reference into their 18 responses to Plaintiffs' RFAs ("[General Objection No.] 15.  Each of the foregoing General Objections is incorporated by reference in the USOC's objections to each specific Request below.  By responding to a particular Request, the USOC does not waive any of its applicable general objections.").  However, it is obvious that many of the general objections do not apply to the individual RFAs.  By way of example only, RFA No. 5 asks USOC to "[a]dmit that the documents bates labeled 496 (attached hereto as **Exhibit 5**), which is the subject of RFA No. 3, was marked and used as a deposition exhibit in the deposition of Gary Johansen (Johansen deposition exhibit no. 17) in the *Gitelman* case."  It is difficult to see how objections concerning privilege (Objection No. 1); burden (Objection No. 2); calling for a legal conclusion (Objection No. 3); vagueness and overbreadth (Objection No. 5); lack of relevance and disproportionality (Objection No. 6); information that is not available to USOC (Objection No. 7); prematurity (Objection No. 8); duplication of effort (Objection No. 9); seeking publicly available information (Objection No. 10); or seeking information not in USOC's possession, custody, or control

(Objection No. 14) could possibly apply to this RFA and yet all of these objections are incorporated by reference into USOC's Response to RFA No. 5.

The Master does not believe it is appropriate or fair for Plaintiffs to be left to guess which of the 14 general objections apply to which of the 18 responses.  That is not consistent with spirit of the discovery rules, the December 2015 amendments thereto, or the applicable case law.  Accordingly, USOC is ordered to redo its Objections and Responses to object to each RFA with specificity.  For example, if General Objection No. 4 (assumes or misrepresents facts) applies to RFA No. 5, then USOC should state that in its response to RFA No. 5.  So, if USOC wanted to assert that Exhibit 5 was *marked* but was not *used* as a deposition exhibit in the Johansen deposition, then Objection No. 4 might be appropriately lodged in response to RFA No. 5.

USOC is advised that this is neither an invitation to list all 14 objections in each and every Response nor an opportunity to add new objections beyond the 14 that it previously listed in its "General Objections to All Requests."  Rather, USOC should carefully review its response to each and every RFA and if there is a good-faith basis to assert one or more of its 14 general objections with respect to a particular RFA, it should supplement its response to that particular RFA to include the appropriate objection(s).  Unless USOC timely files an appeal to this Revised Opinion and Order, in which case this Revised Opinion and Order shall be stayed until such time as it is reviewed by the Court, USOC shall serve its revised Objections and Responses on Plaintiffs (with a copy to the Master) by June 10, 2019.  USOC is warned that failure to properly assert objections in its revised Objections and Responses may result in a waiver of its objections, or in another sanction as appropriate.

II.    <u>Boilerplate Denials of Requests for Admission</u>

Plaintiffs other complaint is that following each individual response to each RFA, USOC includes the following boilerplate language:  "The USOC otherwise denies this request," thereby (in Plaintiffs' words) "hedging its response."  USOC counters that Rule 36(a)(4) allows them to "qualify an answer and deny only part of a matter," and that "the answer must specify the part admitted and qualify or deny the rest," which is precisely what they claim to have done.

USOC ignores the import of the preceding sentences in Federal Rule 36(a)(4), which require that "[i]f a matter is not admitted, the answer must *specifically* deny it or *state in detail* why the answering party cannot truthfully admit or deny it.  A denial must *fairly respond to the substance of the matter*. . . ." (emphases added).  The manner in which USOC has responded leaves Plaintiff guessing as to exactly which aspect of each RFA is being denied and why.  By way of example, in RFA No. 4, Plaintiffs ask USOC to "[a]dmit that the documents attached hereto as **Exhibit 3** were not marked confidential when they were produced by USOC in the *Gitelman* case."  USOC responds as follows:  "The USOC admits that the documents attached to Plaintiffs' Requests as Exhibit 3 did not bear confidentiality markings on the face of the documents when they were produced by the USOC in the *Gitelman* case. The USOC otherwise denies this request."  This is a seemingly straightforward RFA and it is difficult to fathom what USOC is otherwise denying.  When the Master asked USOC this question during the May 17 call, USOC responded that it was seeking to prevent Plaintiffs from later arguing that USOC admitted

that Exhibit 3 *was not* confidential.  But that is not what the RFA asked USOC to admit; whether the document *is or is not* confidential is an argument left for another day.  USOC cannot manufacture and respond to hypotheticals that are not reflected in the language of Plaintiffs' RFAs and then deny those hypotheticals.

Accordingly, USOC is ordered to redo its response to each and every RFA to indicate with specificity what in the RFA it is denying.  Unless USOC timely files an appeal to this Revised Opinion and Order, in which case the Revised Opinion and Order shall be stayed until such time as it is reviewed by the Court, USOC shall serve its revised Objections and Responses on Plaintiffs (with a copy to the Master) by June 10, 2019.  USOC is warned that failure to properly explain its denials in its revised Objections and Responses may result in a determination that its responses are deficient, with the consequence that either the matter may be deemed admitted, or another sanction may be imposed as appropriate.

III.    <u>Imposition of Sanctions</u>

The Master has considered Plaintiffs' request for an award of sanctions against USOC for what it deems to be repeated, bad-faith discovery conduct.  The Master will not impose sanctions on USOC for its use of general objections because the propriety of general objections with respect to RFAs has not been established in the case law and therefore, while USOC may have violated the spirit of the rules, it cannot be said to have violated the letter of the rules.  Because USOC did not have advance warning that its use of general objections in its response to Plaintiffs' RFAs was improper, the imposition of sanctions in this circumstance would neither be fair nor appropriate.

USOC's use of boilerplate denials presents a closer call.  On balance, the Master is not convinced that USOC was operating in bad faith in preparing its responses as much as out of a pronounced distrust of Plaintiffs and a mistaken understanding of what it needed to do to in order to protect its client's interests.  That said, this is the second time the Master has had to order USOC to redo some aspect of its discovery responses and USOC should be aware that the Master may not be as understanding should this occur a third time.

In Plaintiffs' Request for Modification to the Special Master's Opinion and Order Resolving Discovery Dispute [Doc. 247] (Dkt. No. 248), Plaintiffs ask that the Master's fees related to this discovery dispute be allocated entirely to USOC, even if not denominated as a sanction.  The Master has carefully considered that request and declines to impose all of the costs of the present dispute on USOC.  On the May 17 call, after expressing her concerns with USOC's Objections and Responses, the Master raised the possibility of USOC redoing them.  Before USOC was able to fully respond to the Master's suggestion, Plaintiffs summarily rejected that option, sought sanctions against USOC, and insisted on a ruling from the Master so that it could be appealed by either party.  Had Plaintiffs not taken such a hard-line approach, it is conceivable that this dispute could have been resolved without the time and effort expended in writing an Opinion and Order.  Given that Plaintiffs contributed significantly to the costs that have now been incurred with respect to the Master's time, they are required to share in them equally.

To be frank, this is not a matter that should have consumed as much time and ink as it has necessitated. While Plaintiffs are correct that USOC's Objections and Responses are deficient in certain respects, it is difficult to see (and Plaintiffs did not explain) how they have been prejudiced, since in spite of the general objections and the surplus boilerplate language, USOC did otherwise respond to Plaintiffs' RFAs with reasonably detailed answers. Conversely, while USOC may view Plaintiffs as having propounded poorly worded RFAs, as having made a mountain out of a mole hill, or as having improper motives in propounding its RFAs, Plaintiffs are nonetheless entitled to receive proper objections and responses to their RFAs, whether or not USOC agrees with Plaintiffs' sensibilities or intentions. If Plaintiffs' RFAs were compound or confusing, USOC should have stated that and objected to or denied those portions with specificity. They did not do so.

This dispute is pathognomonic of the fact that Plaintiffs and USOC seem hell bent on playing "gotcha," leveling accusations, and pointing fingers at each other, rather than proceeding with discovery in the "just, speedy, and inexpensive" manner contemplated by Fed. R. Civ. P. 1. Both parties have contributed to what has become an increasingly contentious relationship that has made discovery far more difficult than it needs to be. The Master expects more from counsel as experienced and able as are counsel for these parties. While the Master will not impose sanctions in this instance, the parties are warned that continued failure to cooperate and further gamesmanship may result in a different outcome.

**SO ORDERED.**

Dated: May 30, 2019

BY THE MASTER:

*/s/ Maura R. Grossman*
Maura R. Grossman