# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18- cv-00981-CMA-MEH

HEIDI GILBERT,
AMBER MEANS,
MANDY MELOON,
GABRIELA JOSLIN,
KAY POE, and
JANE DOES 6-50,

    Plaintiffs,

v.

UNITED STATES OLYMPIC COMMITTEE,
USA TAEKWONDO INC.,
STEVEN LOPEZ,
JEAN LOPEZ, and
JOHN DOES 1-5,

    Defendants.

## AMENDED PROTECTIVE ORDER

The parties move the Court for entry of an amended Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, states as follows:

1. The Parties anticipate seeking Confidential or Highly Confidential Information (as defined in paragraph 2 below) during discovery and that there will be questioning concerning Confidential and Highly Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or

privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential and Highly Confidential Information except as set forth herein.

    2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated in good faith by one of the Parties in the manner provided in paragraph 4 below as containing:

    a. Personnel files and other personal information relating to Defendants and/or their employees, such as date of birth or home address.

    b. Financial Statements and records, and other sensitive commercial information.

    c. Trade secrets.

    d. Records whose disclosure is restricted or prohibited by applicable state or federal law (if just SS#, that will be redacted).

    e. Personal information about athletes or other third parties provided with an expectation of confidence.

    f. Insurance policies, including all CGL, Sex Abuse, D&O, Property Insurance, Excess policies, Self-insurance, Reinsurance, Captive Insurance, Overseas Insurance, Stop-Loss Insurance, Funds set aside for liability claims, or other insurance.

    g. Documents, files, portions of files, transcribed testimony, or responses to discovery requests that would reveal competition, training, or high

performance information, the disclosure of which beyond that permitted by this Protective Order presents a meaningful risk of competitive injury to the United States' interest in competing or being represented in the Olympic Games, the Paralympic Games, or the Pan-American Games.

3. "Highly Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated in good faith by one of the Parties in the manner provided in paragraph 4 below as containing information that is: (1) confidential pursuant to 36 U.S.C.§ 220542(a)(2)(F)(i) (designating reports of suspected child abuse as confidential); or (2) that, prior to the existence of SafeSport, would have been designated as a confidential record under 36 U.S.C.§ 220542(a)(2)(F)(i).

4. Where Confidential or Highly Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the words "Confidential" or "Highly Confidential — Attorneys' Eyes Only" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" or "Highly Confidential — Attorneys' Eyes Only" next to or on the data at issue;

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or

"Highly Confidential — Attorneys' Eyes Only" no later than thirty calendar days after receipt of the transcribed testimony.

5. All Confidential and Highly Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a. It shall only be used for the purpose of this litigation and not for any business or other purpose whatsoever;

   b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except as provided in this Protective Order.

6. Individuals authorized to review Confidential or Highly Confidential Information pursuant to this Protective Order shall hold Confidential or Highly Confidential Information in confidence and shall not divulge the Confidential or Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order, except as provided in this Protective Order.

7. The Party's counsel who discloses Confidential or Highly Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential or Highly Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential or Highly Confidential Information, and shall maintain a list of all persons to whom any Confidential or Highly Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized

disclosure of Confidential or Highly Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. No copies of Confidential or Highly Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10. During the pendency of this litigation, counsel shall retain custody of Confidential or Highly Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

11. If opposing counsel objects to the designation of certain information as Confidential or Highly Confidential Information, he or she shall inform the other parties' counsel in writing of the grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the designating party may file a motion to retain confidentiality within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential or Highly Confidential Information status from the time it is produced until the ruling by the Court on the motion.

12. Use of Confidential or Highly Confidential Information: Disclosure of Confidential Information shall be limited to each law firm, in-house lawyers for a Party, persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case (including copy services), and/or to retained experts who have signed the Acknowledgement of Protective Order attached hereto as Exhibit A. Highly Confidential Information shall be further limited so as not to be disclosed to the parties or in-house lawyers, absent further Order of the Court or consent of the producing party:

    a. *During Depositions.* Confidential or Highly Confidential Information can be shared with:

        i. Any deponent who has signed the Acknowledgement of Protective Order attached hereto as Exhibit A;

        ii. Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to have authored or received it, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material;

        iii. Court reporter and/or videographer.

    b. *At hearings or trial.* Disclosure of Confidential or Highly Confidential information may be made to this Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and personnel recording, taking or transcribing testimony or argument at any hearing, trial or appeal in this litigation.

13. Confidential or Highly Confidential Material Subject to Federal or State Grand Jury Subpoena or Search Warrant.

    a. If a Party is served with a state or federal grand jury subpoena or search warrant that compels disclosure of any information or items designated in this action as Confidential or Highly Confidential, that Party must:

        i. promptly notify in writing the designating Party's counsel, by email to the designating Party's counsel no later than five (5) business days from service of the subpoena or search warrant unless compliance with the subpoena or search warrant is required earlier than 5 business days after service, in which case notification must occur before that date. Such notification shall include a copy of the subpoena or search warrant, which will be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY; and

        ii. promptly notify in writing the party who caused the subpoena or search warrant to issue in the other proceeding that some or all of the material covered by the subpoena or search warrant is subject to this Protective Order. Such notification shall include a copy of this Protective Order.

    b. Within 2 business days of disclosing any Confidential or Highly Confidential material pursuant to this provision, the disclosing Party or Counsel shall supply the Bates ranges of any records obtained from any other Party or its Counsel to the Counsel for the Party who originally produced the records.

    c. Nothing in this provision should be construed as authorizing or encouraging a receiving Party in this action to fail to comply with a lawfully issued state or federal grand jury subpoena or search warrant.

14. Inadvertent failure to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and inadvertent production of privileged information, shall not constitute a waiver of such claim or privilege and may be corrected. In the event that any producing party discovers that it has inadvertently produced information that has not, but should have, been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or should have been withheld, the producing party promptly may designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or may claw-back the information or documents, by subsequent notice to counsel for all parties to the Action, in writing, specifically identifying the information by Bates number, deposition transcript page number, interrogatory response number, or other like manner, in which event all parties shall henceforth treat such information as provided in this Protective Order. A person who has received information in discovery that is subsequently designated as privileged, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall in good faith assist the designating party in retrieving such discovery material from all recipients not entitled to receive such discovery materials under the terms of this Protective Order and prevent further disclosures except as authorized under this Protective Order. In the case of information clawed back as privileged, the designating party must produce a privilege log of the clawed-back information within fourteen (14) calendar days of sending notice under this paragraph.

15. In the event Confidential or Highly Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

16. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Highly Confidential Information pursuant to this Protective Order.

17. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

18. Within thirty (30) calendar days of the termination of this litigation, including any appeals, each Party's counsel shall return to the producing party (or destroy) all Confidential and Highly Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also verify in writing to the producing party that all Confidential or Highly Confidential Information disclosed by counsel to individuals pursuant to paragraph 7 herein has been destroyed. Moreover, counsel shall maintain and disclose lists of individuals who have received either Confidential or Highly Confidential Information to the producing party, not including law firm employees. This return or destruction requirement shall not apply to Confidential or Highly Confidential Information that constitutes or reflect counsel's work product. Counsel also shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential or Highly Confidential Information, but such remains subject to this Protective Order.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential or Highly Confidential Information shall be treated at trial.

**IT IS SO ORDERED.**

Dated at Denver, Colorado this 20th day of August, 2019.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

## **EXHIBIT A**

### **IN THE UNITED STATES DISTRICT COURT**
### **FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-00981-CMA-MEH

HEIDI GILBERT,
AMBER MEANS,
MANDY MELOON,
GABRIELA JOSLIN,
KAY POE, and
JANE DOES 6-50,

    Plaintiff(s),

v.

UNITED STATES OLYMPIC COMMITTEE,
USA TAEKWONDO INC.,
STEVEN LOPEZ,
JEAN LOPEZ, and
JOHN DOES 1-5,

    Defendant(s).

### **ACKNOWLEDGEMENT OF AMENDED PROTECTIVE ORDER**

I hereby acknowledge that I have read the terms and conditions of the Protective Order agreed to by the parties in the above-captioned case. I understand the terms of the Order and, under penalty of perjury, consent to be bound by the terms of the Order as a condition of being provided access to designated Confidential or Highly Confidential Information. Further, by executing this Acknowledgement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Protective Order.

Date: _____       _____
                                         Signature

                                         Name: _____