IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00981-CMA-MEH

HEIDI GILBERT,
AMBER MEANS,
MANDY MELOON,
GABRIELA JOSLIN,
KAY POE,

    Plaintiffs,

v.

USA TAEKWONDO, INC.,
STEVEN LOPEZ,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint. ECF 281. For the following reasons, the Court grants the motion.

## **BACKGROUND**

    Plaintiffs initiated this action on April 25, 2018 (ECF 1) and subsequently amended the complaint twice, the first time of right under the Federal Rules, ECF 6 (First Amended Class Action Complaint and Jury Demand, or FAC), and the second time "by agreement of the parties [ECF 67 at 1]," ECF 68 (Second Amended Class Action Complaint and Jury Demand, or SAC). In the SAC Plaintiffs generally allege that the Defendants:

> inflicted on them and other American female taekwondo athletes forced labor and services, sex trafficking, and other travesties." They contend that the Lopez Defendants, "the primary perpetrators," "raped numerous female taekwondo

athletes" and that Defendant USOC and Defendant USAT (together, the "Institutional Defendants") facilitated the Lopez Defendants' sex crimes and "protected [the Lopez brothers] from law enforcement and suspension by Team USA.

Order Affirming and Adopting in Part and Rejecting in Part Magistrate Judge's March 6, 2019 Recommendation and Granting in Part and Denying in Part Defendants' Motions to Dismiss (ECF 266), at 3-4 ("Judge Arguello's Order"). Judge Arguello's Order dismissed some claims and dismissed Defendant Jean Lopez. Subsequently, Plaintiffs voluntarily dismissed Defendant United States Olympic Committee (USOC). ECF 267. In addition, after the motions to dismiss were filed, but before Judge Arguello's Order, Plaintiffs voluntarily dismissed Defendant U.S. Center for SafeSport.

The current motion seeks to have the complaint in this action reflect (1) the prior changes in parties, (2) the effect of Judge Arguello's Order concerning the dismissal of certain claims, (3) Plaintiffs' voluntary dismissal of Defendant Jean Lopez, (4) Plaintiffs' abandonment of class allegations, and (5) Plaintiffs' re-pleading of the negligence claim (dismissed without prejudice by Judge Arguello's Order) against Defendant USA Taekwondo, Inc. ("USAT") brought by four Plaintiffs (all except Kay Poe) (*i.e.*, four separate negligence claims, new proposed Counts 9-12). Defendant USAT opposes the motion based on lack of adequate notice, timeliness, futility, and undue prejudice. Defendant Lopez does not oppose the motion.

## DISCUSSION

Because Plaintiffs seek leave to amend the SAC after the period in which Fed. R. Civ. P. 15(a)(1) permits a party to amend its pleading as a matter of course, the motion implicates Rule 15(a)(2), which states:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

2

"[T]he Rule itself states that 'leave shall be freely given when justice so requires.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing Fed. R. Civ. P. 15(a)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Initially, USAT notes the "moving target" approach of Plaintiffs in this case, pointing out that this would be the fourth complaint, with the SAC being filed with Defendants' consent only after Defendants moved to dismiss it. Defendants assert that the FAC alleged 37 counts while the SAC alleged 21 but added U.S. Center for SafeSport as a Defendant, as well as adding a RICO claim and state law claims for negligence, gross negligence, and outrageous conduct. Next, USAT acknowledges that the legal theory for the four new negligence claims "differs slightly from previous iterations of the complaint, [but] the allegations that support the theory are substantially the same and in most cases are repetitiously alleged." USAT then provides a grid comparing the overlap of the proposed amended allegations with those in the FAC and the SAC.

USAT's first basis for opposing the motion is that it does not provide adequate notice and would prejudice USAT's defense. USAT correctly argues that the proposed third amended complaint (TAC) overpleads in many instances, containing dozens of paragraphs about former Defendant USOC's knowledge and control, and also two paragraphs about a venture liability theory between the USOC and the USAT, all of which demonstrate a disconnect between the

3

nature of the case that was dismissed and the nature of the case that remains. According to USAT, this results in an inability to prepare a defense due to the necessity to decide which allegations are potentially relevant and which are stale.

While USAT's argument is well taken, and Plaintiffs should submit an additional redlined proposed TAC that eliminates superfluous or now-irrelevant allegations, I do not agree that USAT cannot effectively defend based on the proposed TAC. It is the enumerated counts that determine the claims on which USAT must defend the case, and USAT has not argued that those twelve proposed counts contain similar deficiencies as the factual allegations.

USAT next argues that the motion should be denied because Plaintiffs have previously failed to cure deficiencies in their claims through amendment. This argument contains only three sentences and is not persuasive. Truly at some point enough is enough, but this is the first proposed amendment for which Court approval has been sought. I do not believe that, on the current record, justice demands a finding that Plaintiffs have gone too many times to the well.

USAT also asserts the untimeliness of the proposed TAC. Granting the Plaintiffs' motion here would require modification of the Scheduling Order's deadline for amendment of pleadings. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* To show good cause, Plaintiffs "must provide an adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter*, 451 F.3d at 1205 n.4.

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, learning information underlying the amendment through discovery that occurs after the deadline set forth in the Scheduling Order constitutes good cause to justify an extension of that deadline. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (same).

USAT states that the only true, "new" facts in the proposed TAC concern information learned in the deposition of Donald Alperstein in June 2019, while the current motion was not filed until December 16, 2019. However, after the Alperstein discovery efforts, Plaintiffs still awaited Judge Arguello's Order, my Recommendations having been issued on March 6, 2019 (ECF 217, 218). Plaintiffs should have reasonably believed that, based on the Recommendations, this case might change substantially and, thus, require amendment of the SAC. Of course, that change did in fact occur with Judge Arguello's Order, dated September 27, 2019. From that Order until the current motion, two and one-half months transpired. That is not an excessive duration given the length and complexity of the SAC and the proposed TAC (the former containing 191 pages and 966 numbered paragraphs, the latter containing potentially even more pages [exact number unknown] and 1007 numbered paragraphs). The Court finds Plaintiffs have demonstrated good cause to modify the Scheduling Order and their proposed amendments are not unduly delayed.

Perhaps most significantly, USAT argues that the new claims in the proposed TAC would be futile and subject to dismissal. Plaintiffs respond that the proposed TAC contains allegations that "make clear that the duty element of Plaintiffs' negligence claim against USAT is based on USAT's voluntary assumption of a duty for each Plaintiff, and not based on Plaintiffs' membership

5

status." Reply at 9. Indeed, in my Recommendation (ECF 218) I recommended that Judge Arguello find USAT did not owe Plaintiffs a legal duty. This conclusion was based on Plaintiffs' status as former members of USAT during the statutory claim period. I determined that, based on the factors of *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987), USAT owed no duty to investigate claims of former athletes. Judge Arguello's Order noted that Plaintiffs failed to raise the voluntary assumption of duty argument in their initial briefing on the motion to dismiss and, thus, could not raise the argument in their briefing on my Recommendation. The proposed TAC alleges a voluntary assumption of duty as well as the existence of a "special relationship" between the USAT and the former athletes (the one "new" theory that USAT believes the proposed TAC makes).

Because Judge Arguello's Order dismissed the negligence claim without prejudice, as a matter of law a proposed amended complaint is tenable. I believe the theories of voluntary assumption of duty (which will not be barred as a matter of law on any future motion testing the proposed TAC) and special relationship are sufficiently substantial and tied to the proposed TAC's factual allegations to survive USAT's futility argument. I do not here intend to state that the four negligence claims would of certainty survive a motion to dismiss or for summary judgment, but only that the standard for amending the complaint has been met.

All that said, I encourage Plaintiffs to carefully consider the criticisms of specific factual allegations made by Defendant USAT (as noted above) and to edit the proposed TAC for purposes of eliminating easily remediable deficiencies that would likely be raised in a dispositive motion by USAT.

## **CONCLUSION**

For the foregoing reasons, this Court **grants** Plaintiffs' Motion for Leave to File Third Amended Complaint (filed December 16, 2019; ECF 281) as stated herein.  Plaintiffs shall file the Third Amended Complaint in accordance with this Order and all applicable rules on or before February 7, 2020.  Defendants shall file an answer or other response to the amended pleading in accordance with Fed. R. Civ. P. 15.

Dated at Denver, Colorado this 30th day of January, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge