IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00981-CMA-MEH

HEIDI GILBERT,
AMBER MEANS,
MANDY MELOON,
GABRIELA JOSLIN, and
KAY POE,

    Plaintiffs,

v.

USA TAEKWONDO, INC., and
STEVEN LOPEZ,

    Defendants.

---

## ORDER DENYING DEFENDANT STEVEN LOPEZ'S MOTION FOR SUMMARY JUDGMENT

---

    This matter is before the Court on Defendant Steven Lopez's Motion for Summary Judgment, wherein Steven Lopez moves for summary judgment on Claims 1, 3, 4, 6, and 7 of Plaintiffs' Third Amended Complaint. (Doc. # 372.) Plaintiffs Amber Means and Gaby Joslin oppose the Motion. (Doc. # 378.) For the following reasons, the Motion is denied.

### I.    LEGAL STANDARDS

    Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper

1

disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id*. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a

verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II.   ANALYSIS

### A.   SUMMARY JUDGMENT RULING

In his Motion, Steven Lopez seeks summary judgment on Plaintiff Joslin's claims against him for forced labor, 18 U.S.C. §§ 1589(a), 1595 (Claim 1); and trafficking in forced labor, 18 U.S.C. §§ 1590, 1595 (Claim 3). He also seeks summary judgment on Plaintiff Means's claims against him for forced labor, 18 U.S.C. §§ 1589(a), 1595 (Claim 4); trafficking in forced labor, 18 U.S.C. §§1590, 1595 (Claim 6); and sexual exploitation of a minor, 18 U.S.C. §§ 2242, 2423, 2255 (Claim 7). Upon consideration of the Motion, the related briefing, and the applicable law, the Court finds that there are genuine disputes of material fact that preclude summary judgment on the aforementioned claims, including, but not limited to:

- whether Plaintiffs Joslin and Means were recruited and retained by Elite Taekwondo so they could and would provide sexual services;
- whether Steven Lopez implemented a sexual "pay to play" coercive scheme whereby Plaintiffs Joslin and Means "paid" with sexual services for the opportunities to train, improve their skills, compete in taekwondo tournaments, and further their careers in taekwondo;

- whether Steven Lopez forced sexual services from Plaintiff Means by means of force, threat of force, physical restraint, or threat of physical restraint, and/or by means of serious harm or threat of serious harm to Plaintiff Means;

- whether Steven Lopez administered Plaintiff Means a date-rape drug and/or intoxicant for the purpose of engaging in nonconsensual sex with her;

- whether Steven Lopez would, if he was mad at an athlete, tell Jean Lopez to have other team members beat up that athlete, including whether team members beat up Plaintiff Means under such circumstances, giving her bruised ribs and a black eye with full-force contact;

- whether Plaintiff Means was "outcasted and pushed out" of the taekwondo community by Steven Lopez once she rejected his advances;

- whether Steven Lopez coerced sexual services from Plaintiff Joslin by means of force, threat of force, physical restraint, or threat of physical restraint; and/or by means of serious harm or threat of serious harm to Plaintiff Joslin; and/or by means of any scheme, plan, or pattern intended to cause her to believe that, if she did not perform such labor or services, she would suffer serious harm, including psychological, financial or reputational harm;

- whether Plaintiff Joslin believed she had no choice but to comply with Steven Lopez's sexual demands in order to avoid isolation and expulsion from the taekwondo community; and

- whether Plaintiff Joslin was groomed to keep sexually inappropriate conduct a secret in order to maintain her credibility.

4

Accordingly, Defendant Steven Lopez's Motion for Summary Judgment is denied.

**B.     STATUTE OF LIMITATIONS**

In response to Defendant Lopez's Motion, Plaintiff Means attempts to relitigate the statute of limitations applicable to her forced labor claims against Steven Lopez (Claims 4 and 6), asserting for the first time that "because Amber [Means] brought suit within ten years of turning 18, she is entitled to seek a civil remedy under the TVPA for all the violations she suffered as a minor." (Doc. # 378 at 15.) As described below, this Court has previously ruled on the statutes of limitations applicable to Plaintiffs' forced labor claims, which was heavily litigated at the motion to dismiss stage. The Court declines to revisit its prior rulings under the law of the case doctrine.[1]

In his March 6, 2019 Recommendation on Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint, Judge Hegarty concluded that

> [a]ny of Plaintiffs' TVPA claims that were unexpired when Congress amended the Act [on December 23, 2008] to include a ten-year limitations period are timely to the extent they fall within ten years of the filing the First Amended Complaint [(May 4, 2018)].

(Doc. # 218 at 13–15.) Plaintiff Means failed to object to Judge Hegarty's analysis. Thereafter, the Court affirmed Judge Hegarty's assessment of the statute of limitations applicable to Plaintiffs' TVPA claims, upon *de novo* review, concluding that

---

[1] Plaintiffs indicate that the parties disagree as to the statute of limitations applicable to Plaintiff Joslin's TVPA claims against Steven Lopez (Claims 1 and 3). However, Plaintiffs and Defendant Lopez agree that Plaintiff Joslin's claims reach back to ten years prior to the filing of the First Amended Complaint—i.e., to May 4, 2008. *Compare* (Doc. # 378 at 13) *with* (Doc. # 382 at 4–5). Additionally, the parties agree that the applicable cut-off for Plaintiff Means's Section 2255 claim against Steven Lopez (Claim 7) is February 14, 2008. This is consistent with the Court's prior rulings, so the Court addresses herein the parties' dispute regarding the statute of limitations applicable to Claims 4 and 6 only.

> the TVPA's existing ten-year statute of limitations applies [to Plaintiffs' TVPA claims]—even to claims based on conduct that allegedly occurred when the TVPA had a four-year limitations period (before December 23, 2008), so long as the claim had not yet been barred by the four-year limitation when the ten-year limitation was passed into law.

(Doc. # 266 at 14–15.) With respect to Plaintiff Means in particular, the Court adopted Judge Hegarty's conclusion that Plaintiff Means's forced labor claims are time-barred under Section 1595(a) to the extent they relate to conduct that occurred before May 4, 2008, ten years prior to the filing of Plaintiffs' First Amended Complaint. The Court ruled that Plaintiff Means's forced labor claims would survive to the extent they were based on conduct that occurred after May 4, 2008. (*Id.* at 31.)

"The law of the case is a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same cases." *Pittsburg & Midway Coal Mining Co. v. Watchman,* 52 F.3d 1531, 1536 n. 4 (10th Cir. 1995) (citing *Arizona v. California*, 460 U.S. 605, 618–19 (1983)). The Court agrees with Defendant Lopez that the Court's prior ruling as to the statute of limitations applicable to Plaintiffs' TVPA claims is the law of the case and will apply through all stages of this litigation. *See Arizona*, 460 U.S. at 618. Although some narrow exceptions to the law of the case doctrine exist, Plaintiffs have failed to demonstrate that any of the exceptions are applicable in this case.[2] Accordingly, the Court reiterates the following prior rulings, which govern Plaintiffs' claims in this case:

---

[2] The Tenth Circuit has identified three narrow circumstances that justify a departure from the law of the case doctrine: (i) where new and different evidence has changed the court's analysis; (ii) an intervening change in controlling authority; and (iii) a clearly erroneous prior decision that

- Plaintiff Joslin's TVPA claims against Steven Lopez (Claims 1 and 3) reach back to ten years prior to the filing of the First Amended Complaint—i.e., to May 4, 2008;

- Plaintiff Means's forced labor claims against Steven Lopez (Claims 4 and 6) reach back to May 4, 2008; and

- Plaintiff Means's Section 2255 claim against Steven Lopez (Claim 7) reaches back to February 14, 2008.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. # 372) is DENIED.

DATED:  September 21, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

would cause manifest injustice. *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir. 1996) (citing *United States v. Monsisvais,* 946 F.2d 114, 117 (10th Cir. 1991)).