IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:18-cv-00981-CMA-MEH**

AMBER MEANS and GABRIELA JOSLIN,

    Plaintiffs,

v.

STEVEN LOPEZ,

    Defendant.

---

**FINAL PRETRIAL ORDER**

---

### 1. DATE AND APPEARANCES

The Final Pretrial Conference in this Matter with Magistrate Judge Hegarty in this matter took place on December 1, 2021, at 10:45 AM.

In advance of this date, and in accord with L.Civ.R. 7.1, the following counsel met and conferred on November 22, 2021 regarding the material herein:

For Plaintiffs Amber Means and Gaby Joslin: Larkin Walsh, Sarah Bradshaw, and Steve Estey

For Defendant Steven Lopez: Howard Jacobs and Kathleen Alt

### 2. JURISDICTION

This Court has federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction is not disputed.

### 3.  CLAIMS AND DEFENSES

**PLAINTIFFS' CLAIMS:** Plaintiffs Amber Means and Gaby Joslin are among the former elite taekwondo athletes —Olympians, National team members, and Olympic hopefuls—who were recruited, groomed, abused, exploited, and trafficked around the country, forced to "pay" for their shot at their career dreams with sexual services (Amber as a minor) to the long-time National Team/Olympic Head Coach, Jean Lopez, and his superstar brother, defendant Steven Lopez, a five-time Olympian, 3-time medalist. Steven is the Tiger Woods of Taekwondo—the brothers, along with two of their other siblings, also Olympians, were known as the "First Family of Taekwondo." The Lopezes elevated the sport, drew membership, and, most importantly, won medals that translated into sponsorships and lump sums of money paid to USA Taekwondo. First filed in the spring of 2018, this case seeks to bring the perpetrators of sexual exploitation and abuse within the sport of taekwondo to justice, and to shine a light on institutions that facilitated this abuse and benefited from it. The only defendant remaining in this action is Steven Lopez, who, as the golden boy of the NGB, acted with impunity in demanding sexual services from Plaintiffs Amber Means and Gaby Joslin, young women who were groomed since their pre-teen years to unquestioningly submit. This modern form of slavery, physical and psychological servitude, is precisely what the Trafficking Victims' Protection Act's broad language was intended to cover and redress.

The Third Amended Complaint (TAC)[1] asserts five federal law claims against Steven Lopez: four under the Trafficking Victims Protection Act (TVPA), 18 U.S.C. §1589

---

[1] Doc. 293.

et seq., and one for exploitation and abuse of a minor, pursuant to 18 U.S.C. § 2255. Plaintiffs' claims against defendant Steven Lopez are set forth in the operative Third Amended Complaint, Doc. 293, which Plaintiffs incorporate by reference, as well as in short in the chart below. Section 1595 of the TVPA creates a civil remedy/private cause of action for any victim against a "perpetrator" for any violation of §§ 1589, 1590, or 1591.[2] And 18 U.S.C. § 2255 creates a civil remedy for minor victims against perpetrators for personal injuries arising from any violation of several Title 18 laws.[3]

| TAC Count | Plaintiff | Alleged Violation |
|---|---|---|
| 1 | Gabriela Joslin | Forced Labor or Services, in violation of 18 U.S.C. §1589(a), §1595(a) |
| 3 | Gabriela Joslin | Trafficking with Respect to Forced Labor or Services, in violation of § 1590, §1595(a) |
| 4 | Amber Means | Forced Labor or Services, in violation of 18 U.S.C. § 1589(a), § 1595(a) |
| 6 | Amber Means | Trafficking with Respect to Forced Labor or Services, in violation of § 1590, §1595(a) |
| 7 | Amber Means | Sexual exploitation of a minor, 18 U.S.C. §§ 2242, 2423, 2255. |

In its order denying Defendant Lopez's motion for summary judgment on the five claims above (Doc. 423), this Court has concluded that there are genuine issues of material fact as to each of the five claims.

The Court also reaffirmed its prior rulings on the relevant limitations periods for

---

[2] Pub.L. 108-193, § 4(a)(4)(A). 18 U.S.C. § 1595. *Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1126 (D. Colo. 2019) ("Section 1595 provides a civil cause of action for victims of any crime under Chapter 77, Title 18 of the United States Code.").

[3] Title 18, Chapter 117, Title 18 U.S. Code defines a "child" or "minor" as someone who has not yet attained the age of eighteen years old.

which Plaintiffs can recover:

- Plaintiff Joslin's TVPA claims against Steven Lopez (Claims 1 and 3) reach back to ten years prior to the filing of the First Amended Complaint—i.e., to May 4, 2008;

- Plaintiff Means's forced labor claims against Steven Lopez (Claims 4 and 6) reach back to May 4, 2008; and

- Plaintiff Means's Section 2255 claim against Steven Lopez (Claim 7) reaches back to February 14, 2008.

At trial, Plaintiffs will establish by a preponderance of evidence that Steven Lopez knowingly provided or obtained sexual services from Plaintiffs by one or more of the means listed in 18 U.S.C. 1589(a), including by means of force, threats of force, physical restraint, by serious harm or threats of serious harm and/or by means of a plan or pattern intended to make Plaintiffs believe that such services were required in order to avoid suffering serious harm, including physical, psychological and reputational harm.

Because liability for trafficking is a separate and distinct offense from liability for forced labor or services,[4] Plaintiffs will establish that Steven Lopez knowingly recruited, harbored, transported, provided, or obtained each Plaintiff for sexual services.

Plaintiff Amber Means will establish that, while she was a minor, she was a victim of and suffered personal injury from a violation of one or more of statutes listed in 18 U.S.C. § 2255, specifically, 18 U.S.C. § 2242(1) (sexual abuse) and § 2423(b) (travel with intent to engage in illicit sexual conduct).

Plaintiffs will establish the nature and extent of their damages, which will include

---

[4] *Gilbert v. USOC*, 423 F. Supp. 3d 1112, 1133 (D. Colo. 2019).

compensatory damages, multiple emotional distress damages, punitive damages and attorneys' fees, all as permitted by statute.

**DEFENDANT'S DEFENSES:**

1. Defendant Steven Lopez is not liable to Plaintiff Gabriela Joslin for Forced Labor or Services [18 U.S.C. §1589(a), §1595(a)]. Defendant Steven Lopez did not knowingly obtain the labor or services of Plaintiff Gabriela Joslin at all, let alone (1) by means of force, threats of force, physical restraint, or threats of physical restraint; (2) by means of serious harm or threats of serious harm; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause Plaintiff Gabriela Joslin to believe that, if she did not perform such labor or services, she would suffer serious harm or physical restraint.

2. Defendant Steven Lopez is not liable to Plaintiff Gabriela Joslin for Trafficking with Respect to Forced Labor or Services [18 U.S.C. §1590, §1595(a)]. Defendant Steven Lopez did not knowingly recruit, harbor, transport, provide, or obtain by any means, Plaintiff Gabriela Joslin for labor or services as defined by the applicable statutes.

3. Defendant Steven Lopez is not liable to Plaintiff Amber Means for Forced Labor or Services [18 U.S.C. §1589(a), §1595(a)]. Defendant Steven Lopez did not knowingly obtain the labor or services of Plaintiff Amber Means at all, let alone (1) by means of force, threats of force, physical restraint, or threats of physical restraint; (2) by means of serious harm or threats of serious harm; (3) by means of the abuse or threatened abuse of law or legal process; or (4) by means of any scheme, plan, or pattern intended to cause Plaintiff Amber Means to believe that, if she did not perform such labor

or services, she would suffer serious harm or physical restraint.

4. Defendant Steven Lopez is not liable to Plaintiff Amber Means for Trafficking with Respect to Forced Labor or Services [18 U.S.C. §1590, §1595(a)]. Defendant Steven Lopez did not knowingly recruit, harbor, transport, provide, or obtain by any means, Plaintiff Amber Means for labor or services as defined by the applicable statutes.

5. Defendant Steven Lopez is not liable to Plaintiff Amber Means for Sexual exploitation of a minor [18 U.S.C. §§ 2242, 2423, 2255]. Defendant Steven Lopez did not knowingly cause Plaintiff Amber Means to engage in a sexual act by threatening or placing her in fear. Defendant Steven Lopez did not knowingly engage in a sexual act with Plaintiff Amber Means while she was incapable of appraising the nature of the conduct. Defendant Steven Lopez did not knowingly engage in a sexual act with Plaintiff Amber Means while she was physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act. Defendant Steven Lopez did not engage in a sexual act with Plaintiff Amber Means while she was a minor. Defendant Steven Lopez did not knowingly transport Plaintiff Amber Means in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that Plaintiff Amber Means engage in any sexual activity. Defendant Steven Lopez did not knowingly persuade, induce, entice, or coerce Plaintiff Amber Means to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage any sexual activity. Defendant Steven Lopez did not Travel with intent to engage in illicit sexual conduct with Plaintiff Amber Means.

6. The remaining plaintiffs cannot recover any damages resulting from alleged

acts or conduct that relates solely to claims that have previously been dismissed by this Court.

7. The remaining plaintiffs cannot recover any damages resulting from alleged acts or conduct that relates to conduct allegedly directed at others, including but not limited to, conduct directed at any of the defendants whose claims against Defendant Steven Lopez have previously been dismissed.

8. The remaining plaintiffs cannot recover any damages resulting from alleged acts or conduct by other defendants who have previously been dismissed from this lawsuit.

9. Third Affirmative Defense: Laches. The remaining claims, on the evidence, are barred by the doctrine of laches.

10. Fourth Affirmative Defense: Statute of Limitations. The remaining claims, on the evidence, are barred by the applicable statutes of limitations.

11. Tenth Affirmative Defense: Comparative fault. Plaintiffs' damages on the remaining claims, if any, were caused in whole or in part by Plaintiffs' own fault or negligence and/or the fault or negligence of others. Any recovery by Plaintiffs against Defendant Steven Lopez should be reduced by the percentage of fault or negligence attributable to Plaintiffs and/or others.

12. Twelfth Affirmative Defense: Spoliation of Evidence. The remaining claims are barred from any recovery as a result of spoliation of the evidence.

13. Thirteenth Affirmative Defense: equitable indemnity. If any fault or negligence is found with respect to the remaining claims on the part of Defendant Steven Lopez, said fault or negligence should be compared with the fault and negligence of

Plaintiffs, other parties, and/or other persons (named or unnamed), apportioned in line with equitable indemnity and equitable apportionment principles.

**4. STIPULATIONS**

The parties' Stipulations are attached as **Exhibit 1**.

**5. PENDING MOTIONS**

None.

**6. WITNESSES**

a. List the nonexpert witnesses to be called by each party. List separately:

(1) **PLAINTIFFS** nonexpert witnesses are listed in the attached **EXHIBIT 2**, which indicates who will be called at trial; who may be called (see Fed. R. Civ. P. 26(a)(3)(A)); and whose testimony may be presented by deposition (stenographic or video) See Fed. R. Civ. P. 26(a)(3)(B).

(2) **DEFENDANT'S** nonexpert witnesses are listed in the attached **EXHIBIT 4**, which indicates who will be called at trial; who may be called (see Fed. R. Civ. P. 26(a)(3)(A)); and whose testimony may be presented by deposition (stenographic or video) See Fed. R. Civ. P. 26(a)(3)(B).

b. List the expert witnesses to be called by each party. List separately:

(1) **PLAINTIFFS** expert witnesses are listed at **EXHIBIT 2**, which indicates who will be called at trial; who may be called (see Fed. R. Civ. P. 26(a)(3)(A)); and whose testimony may be presented by deposition (stenographic or video) See Fed. R. Civ. P. 26(a)(3)(B).

**7. EXHIBITS**

(1) **PLAINTIFFS'** exhibit list is contained in attached **EXHIBIT 3** and

      (2) **DEFENDANT'S** exhibit list is contained in attached **EXHIBIT 5**. [5]

**8. DISCOVERY**

Discovery has been completed.

**9. SPECIAL ISSUES**

Defendant intends to file motions in limine[6] on the following issues in in order to make this trial more efficient:

    1.    Whether Plaintiffs are limited to their expert opinions and whether those expert opinions can rely on facts outside of the remaining claims (i.e., the claims that have not previously been dismissed) (Daubert, 509 U.S. 579; Fed. R. Evid., Rule 401.).

    2.    Whether the October 2, 2020 Evaluation Report of plaintiffs' designated expert Donna L. Peters, Psy.D. complies with Fed.R.Civ.P. 26(a)(2).

    3.    Whether the of disclosed opinions of plaintiffs' designated expert Donna L. Peters, Psy.D. are admissible (Daubert, 509 U.S. 579; Fed. R. Evid., Rule 401.), in that her diagnosis of Plaintiff Gabriela Joslin is (i) based on the combined impact of alleged conduct between Plaintiff Joslin and defendant Steven Lopez, as well as alleged conduct between Plaintiff Joslin and dismissed defendant Jean Lopez; and (ii) is based on the combined impact of (i) alleged conduct that pre-dates the relevant limitations periods as determined by this Court; and (ii) alleged conduct that post-dates the relevant limitations periods as determined by this Court.

---

[5] Per CMA Civ. Practice Standard 43.1B, the parties are working together to formulate a joint exhibit list.
[6] Defendant notes that the Final Pretrial Conference was set with only 21 days' notice, and on that basis submits that additional time is necessary for the filing of motions in limine.

a. Dr. Peters has diagnosed Plaintiff Gabriela Joslin with Post Traumatic Stress Disorder as a result of the alleged "sexual assaults by Steven Lopez in 2006 *and Jean Lopez in 2011*." [see p. 16, emphasis added]. Furthermore, her opinion is that the Criteria for PTSD is met as a result of both incidents. No attempt is made to distinguish the diagnosis as between the two incidents – one of which involved a non-party to this lawsuit and occurred 5 years later (and in much closer proximity to the diagnosis. Furthermore, the 2006 incident that she relies upon for this diagnosis was in April 2006 in Bonn, Germany (see pp. 5-6) and is time-barred.

b. Dr. Peters has diagnosed Plaintiff Gabriela Joslin with Major Depressive Disorder that she claims was more likely than not caused by the same 2 incidents in 2006 and 2011 (see pp. 17-19). Again, the alleged 2011 incident involved a non-party (Jean Lopez), and the alleged 2006 incident is time-barred.

c. Dr. Peters has offered the opinion that Plaintiff Joslin was the victim of grooming by Jean Lopez (see pp. 19-21). Jean Lopez is no longer a party to this lawsuit.

d. Dr. Peters has offered the opinion that Plaintiff Joslin's delayed reporting, perceived compliance and "freezing or submission" are common victim responses to sexual assault (see pp. 21-22). With respect to the "delayed reporting" and "perceived compliance," she does not specify whether this refers to conduct involving Steven Lopez or Jean Lopez. The "freezing or submission" is directly tied by Ms. Peters to the alleged April 2006 incident in Bonn, Germany, which is time-barred.

e. Dr. Peters has offered the opinion that Plaintiff Joslin was "retraumatized" when she was "asked to go through details of her assaults approximately

10 times between the investigations first by the USAT and Mr. Alperstein and then later by SafeSport" (see p. 25).  Neither USAT nor SafeSport remain as defendants in this case.

        f.     Dr. Peters has offered the opinion that Plaintiff Joslin "will benefit from continued treatment in order to address her PTSD and Major Depressive Disorder … or approximately five to seven years" (pp. 25-26).  No attempt is made to differentiate between treatment allegedly required due to conduct of defendant Steven Lopez as opposed to the numerous non-parties who Ms. Peters claims contributed to Plaintiff's conditions.

    4.     Whether the February 2, 2020 Evaluation Report of plaintiffs' designated expert Steven Elig, M.D. complies with Fed.R.Civ.P. 26(a)(2).

        a.     Dr. Elig's diagnosis – all of which was made well over one year ago – includes childhood sexual abuse, partner sexual violence, adult sexual abuse, history of PTSD, and history of other depressive order.  Dr. Elig has made no attempt to limit the basis of his diagnosis to the claims remaining in this lawsuit, to the parties remaining in this lawsuit, or to conduct that is within the relevant limitations periods as determined by this Court.

        b.     On the basis of his diagnosis, Dr. Elig recommended psychotherapy for 1-2 years.  There is no indication that he has spoken to Plaintiff Means since January 31, 2020 (see p. 4), and his report offers the following qualifiers:

"Because this information is presented in abridged fashion, additional information and opinions may be offered upon further request.  My opinions are based on the information that is currently available to me, and they may be modified or expanded

in the future if supplementary information becomes available." [see p. 1]

"Sources of Data and Brief Review of Relevant Documents: This review is merely a summary of selected information and is not intended to be a comprehensive recitation of the contents of each document." [see p. 1]."

10. **SETTLEMENT**

a.  The parties have discussed in good faith settlement of this lawsuit through telephone conferences and other correspondence in December 2018 and in late September-early October 2020.

b.  The participants in the various settlement discussions included counsel for the parties.

c.  Plaintiffs remain open to discussing the possibility of resolving this case by agreement, short of trial.

d.  Counsel for Plaintiffs certify that the Plaintiffs were promptly informed of all offers of settlement.

e.  Counsel for Defendant certifies that Defendant Steven Lopez was promptly informed of all offers of settlement.

f.  Defendant remain open to discussing the possibility of resolving this case by agreement, short of trial.  However, based on prior discussions, Defendant believes that there is little possibility of settlement.

g.  Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

11. **OFFER OF JUDGMENT**

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment)

of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case. No Offer of Judgment has been sent in this case.

**12. EFFECT OF FINAL PRETRIAL ORDER**

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

**13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS**

The parties anticipate:

1. Jury Trial

2. Depending on the Court's decision concerning anticipated motions in limine and/or Rule 702 motions, the trial will be from four days (if evidence is limited as Defendant anticipates requesting) to eight days (if evidence is not limited by Defendant's anticipated motions).

3. Denver, Colorado

4. Nothing additional

DATED this 1st day of December 2021.

BY THE COURT

 S/Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

/s/ Sarah T. Bradshaw
Rex A. Sharp,
Larkin E. Walsh
Sarah T. Bradshaw
SHARP LAW, LLP
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
(913) 901-0419 fax
rsharp@midwest-law.com
lwalsh@ midwest-law.com
sbradshaw@midwest-law.com


s/ Howard L. Jacobs
Law Offices of Howard L. Jacobs
31111 Agoura Rd., Suite 225
Westlake Village, California 91361
Telephone: (805) 418-9892
Facsimile: (805) 418-9899
Email: howard.jacobs@athleteslawyer.com